## No. 12,863.

### SUCCESSION OF ROYAL A. BRAY.

The heir accepting the succession unconditionally may be compelled to give security for the debts of the succession, or submit to an administration of the property of the deceased. Civil Code, Arts. 1004, 1005 *et seq.*

Nor is the creditor's right, in this respect, defeated by the *ex parte* order, recognizing the widow and heirs of the deceased, and putting them in possession of the succession property.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

---

*Lazarus & Luce* for James A. Andrews, Plaintiff in Rule, Appellant.

---

*Dart & Kernan* for Widow and Heirs of Bray, Defendants in Rule, Appellees.

---

Argued and submitted November 23, 1898.

Opinion handed down December 19, 1898.

The opinion of the court was delivered by

MILLER, J. The appellant, a creditor of the succession of Royal A. Bray, takes this appeal from the judgment dismissing the rule of the creditor to compel the widow and heirs of the deceased to make an inventory of the effects of the succession, and give security for its debts, or submit to an administration of the succession property.

The deceased died on December 22, 1897. A few days after, i. e., January 5, 1898, his widow and heirs presented their petition to be recognized and put in possession of the property of the succession, and the order was then made in accordance with the prayer of the petition. In February, 1898, the appellant, as a creditor of the succession, took the rule on the widow and heirs, and was met by the exceptions that his rule came too late, and of no cause of action. The case is before us on the creditor's appeal from the judgment of the lower court maintaining the exceptions.

The argument of the defendants in rule, in effect, is that the order putting the widow and heirs of the deceased in possession of the property of the succession closed it, precluded all further proceedings in it, and left the appellant no remedy to obtain an administration of the property of the succession, with a view to the payment of its debts, and equally precludes him from any demand of security for his debt. If this contention is sustained the appellant is confined to an action of separation of patrimony, given by the Code, to guard against the mingling of the succession property with that of the heir (Civil Code, Art. 1441 et seq.) ; or to the personal action against the widow and heirs, liable for the debts of the deceased. If under our law the creditor has the right to demand the inventory and administration of the property of his deceased debtor, with the view of securing the application of the property to pay the debts of the debtor, the right the appellant asserts by his rule, that right has been lost, not by any act of the creditor, but by the ex parte order of the widow and heirs.

The heir called to the succession may accept under benefit of inventory, administer, sell the property, apply proceeds to pay the succession, and take the residue, thus limiting his liability to that which he receives; or the heir may accept unconditionally and go into possession, but subject to the right of the creditors to insist on an inventory, security for succession debts, or an administration under the appointment by the court. In either case, acceptance with

benefit of inventory or simple acceptance, there is preserved to the creditors the recourse they should have on the debtor's property, by securing to them, if they demand it, an administration to subject that property to their debts.   The creditor's right in this regard was, perhaps, abundantly secured under the articles of the Code as it originally stood.   Code of 1825, Arts. 1004, 1005.   In the same line of protection to creditors the Legislature, in 1828, incorporated in the mass of amendments to the Code of that year the enactment since known as Art. 1012 of the Code, to the effect that no heir should be allowed to receive possession of the effects of the succession if there were creditors with suits pending, unless the heirs gave security if required by the plaintiffs in such suits.   The question before us is whether the *ex parte* action of the widow and heirs of the deceased debtor has deprived the appellant of the right conferred by the article of the Code, originally Art. 1004 of the Code of 1825, reproduced as Art. 1011 of the Code of 1870.

Our jurisprudence is quite familiar that distinguish the remedies of creditors, when the succession of their debtor is under administration, from the remedies of creditors to procure payment of the debts of the deceased when the administration is ended.   It is of ready acceptance that when the administration is closed the creditors must exert their rights against the person who succeeds to the liabilities as well as the property of the deceased.   Thus, where the heirs with no opposition from the creditors go into possession and partition the property of the succession, or hold without partition, or where the administration is completed and the administrator or executor discharged; or where, before the administration is closed the heirs end the seizin of the executors by providing for the payment of the legacies; in these and other cases where no administration exists and none is requisite, our courts have held the succession ceases—that is, creditors of the deceased can neither demand the continuance of administration or the appointment of another administrator or executor, but must resort to suits against the heirs in the courts of ordinary jurisdiction.   Boguille vs. Faille, 1 An. 205; Soye vs. Price, 30 An. 93; Fowler vs. Succession of Gordon, 24 An. 22, 270; Succession of Lampton, 35 An. 418. This line of authority cited by the defendants, in our opinion, has no tendency to exclude the demand of the creditor who calls on the beneficiary heir for security, or an administration, given by the

Code when there has been no administration. It can not be claimed that this right of the creditor is defeated by an *ex parte* order of recognition the heirs and widow of the deceased obtained within a few days after the death of the deceased. If the creditor is clothed with the right he asserts, the right would be nugatory if the heir could defeat it by his *ex parte* application made with the promptitude exhibited in this case. We can conceive of an acquiescence by the creditor in such an order deduced from the lapse of time with no opposition from creditors, but we have no such element of long possession of the heir and of assent on the part of creditors. There is another right given to creditors for payment of the debts of the deceased that is suggestive in this controversy. Within three months the creditor may demand the separation of the property the heir inherits, so that the rights of the creditor on the property of his deceased debtor may be preserved. Within this period of three months the heir can not alienate or encumber the succession property. C. C., Art. 1441 *et seq.* If the law allows three months for the institution of the suit for separation of patrimony, it may well be deemed that the demand of the creditor for security and an administration is not to be denied as too late made almost within a month after the death of the deceased. In our view the *ex parte* order did not preclude plaintiff's demand, nor can we perceive any bar in the lapse of time.

It is urged that plaintiff is estopped from the relief he seeks, because, subsequent to the order recognizing the heirs, he dealt with them as liable for the debt of the succession. They incurred that liability by their simple acceptance. We can not perceive that because the creditor received a payment from the heirs on account of his debt that he lost the right to demand an administration of the succession property.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed, the exceptions be and they are hereby overruled, the rule of plaintiff be remanded for trial and that defendants pay costs.

Absent: NICHOLLS, C. J.