Succession of Hart.

No. 13,093.

SUCCESSION OF JUDAH HART.

SYLLABUS.

The heirs accepting a succession unconditionally may be compelled to give security for the debts of the succession or submit to an administration of the succession.   C. C., 1011-1012. ·

The creditors' right in this respect is not defeated by an *ex parte order of court* given within 'three months after the unconditional acceptance of the succession by the heirs, which, recognizing them as such, places them in possession thereof.

The mere reference to themselves as "children and heirs" of a deceased person made in a petition by his children asking for the probate of his will and the placing of his succession under administration of executors selected by him, is not an unconditional acceptance of his succession.

An unconditional acceptance of a succession by heirs does not date back by relation to the date either of the death of the author, or to the date of a prior acceptance under benefit of inventory, in computing the three months after unconditional acceptance during which the right of creditors exists under the law to exact security from heirs.

Creditors of a succession are not estopped from demanding security from the heirs during the three months following their unconditional acceptance of the succession, because after an **order of court** recognizing them as heirs and placing them in possession they have sued them as such in their petition and referred to the order placing them in possession.

A PPEAL from the Civil District Court, Parish of Orleans.   *King J.*

*Omer Villere* for Mrs. Hornor *et als.,* Plaintiffs, Appellants.

*Clegg & Quintero* for the Heirs of Judah Hart, Defendants, Appellees.

The opinion of the court was delivered by

NICHOLLS, C. J.   Judah Hart died on the 26th of January, 1898, leaving three children, (Samuel J. Hart, Annette Hart, widow of Maurice Winehill, and Maurice J. Hart,) issue of his marriage with his predeceased wife, Jane Barnett.

He left a last will and testament in olographic form, in which he appointed Maurice J. Hart and Samuel J. Hart his testamentary executors, though whether with or without seizin does not appear as the will, though constantly referred to, is not in the record.

Succession of Hart.

On the 15th of February, 1898, upon a petition of Maurice J. Hart and Samuel Hart, and Annette Hart, widow of Winehill, in which they recited that they were the children and sole and only heirs of the deceased, and that he had left a last will and testament, this will was probated and ordered executed and the petitioners Samuel Hart and Maurice J. Hart recognized and ordered to be confirmed as testamentary executors. On the same day these parties qualified as such and letters testamentary issued in their favor. It appears to be an undisputed fact that by this will Judah Hart constituted Samuel Hart and Helen H. Hart, wife of Maurice J. Hart, as universal legatees; but making a legacy of some kind to his daughter, Mrs. Winehill.

On the first of March, 1898, by an act before Quintero, Notary, Mrs. Annette Winehill accepted the legacy made to her in the will, but renounced any and all claims she had or could have against the Succession, save and except the legacy, and renounced the succession of her father, and consented that the instituted heirs be sent into possession thereof.

On the same day by another act before the same Notary, Maurice J. Hart renounced forever any and all claims he had or might have as forced heir to the succession of Judah Hart, and renounced his succession and consented that the instituted heirs be sent into possession.

Upon the same day, (March 1st, 1898), Samuel J. Hart and Helen H. Hart, wife of Maurice J. Hart, filed a petition in the District Court in which (after reciting the death of Judah Hart, the opening of his succession in the said court and the order of the same probating and ordering executed and registered the will of the deceased by which they were constituted universal legatees, and that they were entitled to the enjoyment and possession of the estate left them by the will), they alleged that Maurice J. Hart, Samuel J. Hart, and Annette Hart, widow of Maurice Winehill, were the only surviving children of Judah Hart, and as such would be entitled to be the heirs of his entire estate; that Maurice J. Hart and Annette Hart had renounced the succession of their father; that there was no need for an accounting by the executors and they waived any claim therefor; that they were as testamentary heirs, instituted by the last will and testament of the deceased, entitled to be sent into possession of the entire estate; they, in view of the premises, prayed that they be re-

cognized and declared to be the sole and only testamentary heirs and universal legatees of Judah Hart, and that they be by judgment of the court sent into possession of his estate.

On the same day this petition was filed the court, "considering the allegations of the same and the affidavits and proofs in the record and the renunciation of Maurice J. Hart, and Mrs. Annette Winehill", ordered, adjudged and decreed that there be judgment recognizing the petitioners as the sole and only testamentary and instituted heirs and legatees of Judah Hart and that as such they be sent into possession of his estate.

On the 2nd of March, 1898, Mrs. Harriet A. Horner, widow of Joseph P. Horner, and various other persons instituted suits in the Civil District Court, the suit of Mrs. Horner being entitled Mrs. Harriet A. Horner vs. R. T. McDonald et al., and those of the other parties differing only in the names of the different plaintiffs, in which the plaintiffs averred that R. T. McDonald and the heirs of Judah Hart, namely Samuel J. Hart and Mrs. Helen H. Hart, wife of Maurice J. Hart, were in solido indebted to them in certain amounts by reason of a certain personal guarantee made to them by said McDonald and Judah Hart of a dividend of ten per cent. upon certain corporation stock which they purchased; that the succession of Judah Hart had been opened under the number 55,733, Civil District Court, Division "B", and the parties aforesaid had been put in possession of said estate as heirs and accepted the succession of Judah Hart purely and simply and became responsible for its debts.

In view of the premises they prayed for the citation of McDonald, of Samuel J. Hart, of Mrs. Helen H. Hart, wife of Maurice J. Hart, and Maurice J. Hart to authorize and assist his wife, and that after due proceedings they have judgment against said parties in solido, for the amount alleged to be due to them in their petitions.

On the 29th of March, 1898, Mrs. Harriet Horner, widow of Joseph P. Horner, Mrs. Eva L. Parker, wife of James P. Parker, and her husband, Mrs. Mary B. White, widow of T. T. White, Isaac L. Lyons, Mark B. Spellman and Omer Villere, (the said parties being plaintiffs in the various suits referred to) filed a motion in the Succession of Judah Hart, in which (after suggesting to the court that R. T. McDonald, and the late Judah Hart, had, by act before Gurley, Notary, on May 2nd, 1894, bound themselves in solido, to personally guarantee to said parties a dividend of ten per cent. upon cer-

:tain shares of stock held by them; that for reasons stated their obligation upon said guarantee had become fixed and due and owing, and that the Succession of Judah Hart and his heirs Samuel J. Hart and Mrs. Maurice J. Hart, who had accepted his Succession and been put in possession thereof, by an *ex-parte* order, were liable to petitioners (movers) for said dividends, and after further suggesting that they were creditors of the Succession of Judah Hart, for seven years' dividends upon the shares of stock held by them respectively, and that in order to protect themselves they desired that an inventory be made of the Succession of said Judah Hart, and that Samuel J. Hart, and Mrs. Maurice J. Hart, who had been put into possession of his estate, be compelled to give security or in default thereof that an administrator be appointed to administer the Succession;) they prayed that the court order Samuel J. Hart and Mrs. Helen H. Hart to show cause why they should not be compelled to make an inventory of the Succession of Judah Hart, and furnish security, according to law, or in default thereof, why an administrator should not be appointed to administer said Succession.

Mrs. Maurice J. Hart and Samuel J. Hart, prior to answering the rule served on them to show cause as prayed for, excepted that the court was without jurisdiction to hear and determine the issue raised, for the reason that this was not a proceeding in the Succession of Judah Hart, but was a substantive and original demand and should be in the form of a petition and citation and duly allotted to a Division of the Civil District Court; secondly, that the attempted proceeding was unknown to the law and the order to show cause was improvidently granted; thirdly, that if this was a demand for a separation of patrimony, then and in that case the suit should be by a petition and citation in the manner and form prescribed by the Code of Practice.

In the event these exceptions should be overruled, they excepted that the demand of the plaintiffs in rule disclosed no cause or right of action, in this, that it was not suggested or shown that the heirs of Judah Hart, viz., Mrs. Maurice J. Hart and Samuel J. Hart, were indebted to any one, or that the rights of the creditors of Judah Hart or the Succession of Judah Hart had been imperilled by the possession of the heirs or would be imperilled or endangered in any degree by the possession of the heirs of the entire estate; that plaintiffs did not suggest or show or allege that there was any need for the giving

of security by the heirs or the incurring the expense of administration of the Succession of Judah Hart.

Under benefit and reservation of the exceptions and contingently upon their being overruled, defendants in rule answered that neither Mrs. Maurice J. Hart nor Samuel J. Hart was indebted to any one, that, as they were advised and informed, all the rights of creditors of Judah Hart remained without peril by their possession; that they had exercised and were exercising only their rights as heirs and successors of Judah Hart and that none of the property of Judah Hart or of his Succession could be or would be exposed to any personal debt of the heirs of Judah Hart to the unlawful prejudice of plaintiffs in the rule.

The court dismissed the rule.

There appears to have been no attempt to appeal from this ruling, but on May 20th, 1898, the same parties who were plaintiffs in the rule presented a petition to the Civil District Court in the matter of the Succession of Judah Hart, in which they alleged the giving to them by McDonald and Judah Hart of their personal guarantee as above stated for a dividend of ten *per cent.* upon their respective holdings of stock in the New Consumers' Ice Company; the fact that that company was hopelessly insolvent and had gone into the hands of a receiver; that seven years' ten *per cent.* dividends were due to them upon the guarantee; that the Succession of Judah Hart and his heirs and legatees, Mrs. Maurice J. Hart and Samuel J. Hart, who had accepted his Succession and been put in possession thereof by an *ex-parte* order, were liable to them for one-half of said dividends pursuant to said guarantee; that the said heirs and legatees had caused themselves to be put in possession of his estate upon the false allegation that he had left no debt, and said false allegation was evidently made for the purpose of seeking to deprive petitioners, who were creditors of the estate, of their legal rights against said estate; that petitioners, who were a majority of the creditors of the Succession of Judah Hart and his heirs and legatees aforesaid, desired that the judgment putting Samuel J. Hart and Mrs. Maurice J. Hart in possession of the estate be annulled and revoked, in order that the court assume control of the Succession, cause an inventory to be made and order the heirs and legatees to give security.

They prayed for citation upon the parties and that after due proceedings there be judgment cancelling and revoking the judgment

theretofore rendered putting them in possession of the estate of Judah Hart, and ordering them to make an inventory of the Succession and furnish security according to law, or in default thereof that an administrator be appointed to said Succession.   John R. Fell, Mrs. Mary A. Henderson and husband, R. A. Torres, John D. Minor and Mrs. Annie L. Minor, widow of Henry C. Minor, natural tutrix of Margaret and Mary Minor, Andrew L. Green and Henry W. Connor intervened in this proceeding and making substantially the same allegations as to themselves as those made by the plaintiffs joined them in their prayer for judgment.

Mrs. Maurice J. Hart and Samuel J. Hart, before answering the petition and the petitions of interventions excepted, as to all of them to the jurisdiction of the court for this, that the principal petition and the petition of intervention were independent actions brought to annul a judgment and had not under the rules of the Civil District Court been regularly allotted and that Division "B" was without the right or power to hear the same.

In the event this exception should be overruled, they excepted that the principal petition and petitions in interventions disclosed no cause or right of action.   In the event this exception should be overruled, they excepted that theretofore, on the 29th of March, 1898 the same petitioners, Mrs. Harriet A. Horner, Mrs. Eva L. Parker, Mrs. Mary B. White, Messrs. Isaac L. Lyons, Mark R. Spellman, and Omer Villere, did file a rule in the same court, wherein they demanded that an inventory be made and the legatees in possession of the estate should furnish security, which rule was heard and determined and by judgment of the court was discharged, and that the thing demanded and the judgment prayed for in the aforesaid rule was the same thing demanded and the judgment prayed for in the pending proceeding, and that the parties were the same, and that the matter was determined by judgment adversely to the petitioners, which judgment in the rule they pleaded as *res adjudicata,* and therefore petitioners were estopped from demanding the same thing or praying the same judgment.

The defendants further excepted that these proceedings in the Succession of Judah Hart were intended simply and solely as, and were in legal effect, a suit for separation of patrimony; that the heirs had accepted the succession of the deceased Judah Hart simply and unconditionally and were sent into possession more than three months

before the filing of the petitions herein, and to the demand of the same they pleaded the prescription of three months agreeably to Art. 1456 of the Civil Code.

In the event these exceptions were overruled, they further excepted that the plaintiffs and intervenors had sued the heirs and universal legatees of Judah Hart as such and in that quality and for the same cause of action attempted to be set up in the suits which were pending before the Civil District Court and had chosen to pursue their right, if any they had, for the cause of action they were attempting to allege (which they denied was properly alleged), and that they were thereby debarred and estopped from claiming as against the Succession of Judah Hart or by any proceedings in the Succession of Judah Hart judgment against any person for any cause.

That the Succession of Judah Hart was closed, that there was no person who could stand in judgment for Judah Hart or for his succession or who was authorized to represent it or upon whom process could be served; that the whole proceeding was *coram non judice.*

Defendants under reservation of their exceptions answered.

After pleading the general issue they denied that they had caused themselves to be put into the possession of the Succession of Judah Hart upon any false allegation or any allegations made for the purpose of depriving the creditors of the estate of the said deceased of any right against said estate; and averred that they were sent into posseession of the Succession of their deceased father under his last will and testament in due course and form of law and they made application for the possession in the exercise of the right granted them by law; that the estate of Judah Hart was closed and that the defendants were not in any manner indebted to the petitioners, and they made part of their answer their answers in the various suits brought against them and pending in the court; that the petitioners were estopped from setting up any claim or demand in the proceedings in the Succession of Judah Hart, his estate being closed and no longer in existence, for this, that they had instituted distinct and separate suits in their own names against respondents for debts alleged to be due by them and that they were without right to judicially assert as against the Succession of Judah Hart a claim for debt which they had theretofore asserted against respondents; that they having voluntarily chosen to pursue respondents for the alleged debt they could not lawfully assert the same as against the Succes-

sion of Judah Hart which was closed, and by their own conduct they were estopped from asserting that for the same cause of action for which they had pursued respondents, they had a right of judgment against the said Succession and therefore they had no right to the judgment prayed for.

The court sustained the plea of the prescription of three months and rejected the demand of the plaintiffs and intervenors. Mrs. Harriet A. Horner, Eva L. Parker, Mary B. White, Mrs. Annie L. Minor, tutrix, and Messrs. I. L. Lyons, M. R. Spellman, Omer Villere, R. A. Torres, A. L. Green, H. W. Connor and F. Roder appealed.

## OPINION.

This court held in the Succession of Bray, 50 Ann., 1209, that "the heir accepting the Succession unconditionally may be compelled to give security for the debts of the Succession, or submit to an administration of the property of the deceased (Civil Code, 1004, 1005, *et seq.*); that the creditors' right in this respect was not defeated by the *ex-parte* order recognizing the widow and heirs of the deceased and putting them in possession of the Succession property" and "that the creditor is not estopped from the relief he seeks because subsequent to the order recognizing the heirs he dealt with them as liable for the debts of the Succession."

The court said: "They incurred that liability by their simple acceptance. We can not perceive that because the creditor received a payment from the heirs on account of his debt he lost the right to demand an administration of the Succession property".

Defendants contend that the principle announced in that case has no application to the present one, that in the present litigation the right of the creditor is barred by reason of three months having elapsed after the heirs had accepted the succession before the demand for security was made.

They contend that not only was the Succession closed on account of the fact of this delay but also closed by reason of an order of court which, recognizing the heirs, had placed them in possession after the Succession had been under administration in the hands of executors.

They urged in addition to this that the creditors had acquiesced in and recognized the fact that the Succession had been closed by bringing direct actions in the District Court against the heirs as such, *dehors* the Succession proceedings, in which action they alleged

the existence of the order for the taking of possession by the heirs and their possession under the order.

The prescription which defendants invoke is that found in Article 1456 of the Civil Code under the heading of "The Separation of Patrimony." The Article declares that "the suit of Separation of Patrimony must be instituted within three months from the express or tacit acceptance of the heirs; after 'the expiration of this term it is not admitted."

·Defendants' position is that the ending of the term for the separation of patrimony simultaneously ends the existence of a succession, as such and that a succession once closed can not be re-established.

Starting from these premises they maintain that the right of a creditor of a succession to exact security for his debt from an heir who has accepted the succession simply and to compel him to make an inventory of the succession under Art. 1011, C. C., can not be exercised after the succession is closed.

The Article referred to (which has been modified to some extent by Act of 1828, p. 156, now Art. 1012, C. C.), reads: '

"The heir who has accepted the succession simply may be even compelled to make an inventory of the succession and to give security in the same manner as in the case of the benefit of an inventory, if a majority in amount of the creditors either present or represented in the parish where the succession is opened require it; in default of such security there shall be appointed an administrator to administer the succession according to the provisions of the section relative to the Benefit of Inventory."

This Article clearly shows that the unconditional acceptance of a succession by an heir followed by an actual possession of the succession property does not *per se* close the succession, and also indicates that when the demand for security is made the situation must be such as to permit of the appointment of an administrator to an existing succession. The remedy given by the lawmaker to the creditor whose demand for security is not complied with, contemplates the existence, at that time, of a succession to which an administrator is to be appointed.

Was the succession of Judah Hart closed when the creditors' demand in this case for security was made? Defendants contend that the heirs accepted the succession on the 15th of February, 1898, in their petition to the court for the probate of Judah Hart's will; that

the creditors' petition in this case asking security was filed on the 20th May, 1898, and Judah Hart died on the 26th of January, 1898; that not only did a period of three months elapse between the said acceptance and the application for security, but this acceptance, when made, related back, under Articles 946 and 987 of the Code, to the date of Judah Hart's death.

The acceptance of a succession by the heirs, to which Article 1011 of the Code refers, is not an acceptance under benefit of inventory, but an unconditional acceptance, for a possession of succession property by heirs under an acceptance under benefit of inventory is not a possession as owners, but as *quasi* detainers of the property, and as *quasi* administrators.

So long as matters are in that situation the right of the creditors as against the heirs to demand security from them for their debts, remains suspended, and takes date only from the time of their actual unconditional acceptance, and not by relation back either to the date of their acceptance under benefit of inventory or to the death of Judah Hart.

We do not find in the recitals of the petition of the children of Judah Hart to have his will probated any evidence, of an unconditional acceptance of the latter's succession, even if they could be held to evidence an acceptance of any kind.

It is true the petitioners refer to themselves as children and heirs of Judah Hart, but they do not do so in a proceeding looking to their taking possession of the succession as heirs, but, on the contrary, to the placing of the succession under administration in the hands of executors appointed by a will of the deceased which might seriously interfere with their rights as legal heirs.

It has been held that the placing of a succession under the administration of an administrator has the effect, *per se*, of operating a separation of patrimony.

Under present laws, a succession under an executor is closely assimilated to one under an administrator. (12th Ann., 611, Succession of Boyd; McNeely vs. McNeely, 50th Ann., 823; C. C., 1192-1670; Ingram vs. Moore, 2nd Ann., 871.)

The words used were simply descriptive (Mumford vs. Bowman, 26th Ann., 413), and, so far from indicating an unconditional acceptance, would go to show that their right of ultimate election was being

held in reserve and in abeyance (C. C., 946), the succession in the meantime going under administration.

It is an utterly untenable position to urge that when an election and declaration of election was made it went back by relation either to the date of Judah Hart's death, or to the date of any acceptance which they might have made of the succession as heirs under benefit of inventory.

Relation is a fiction of the law which is never permitted to be used (any more than is estoppel) for the purposes of wrong, injustice or injury.

The doctrine is always kept within restricted limits.

We think it very clear that the lawmaker did not intend to subject this particular matter to the doctrine of relation. To do so would be to enable the heirs to lull and entrap creditors into inaction in presenting claims and making legal demands.

We do not think that the fact that a succession has been placed under administration, and subsequently thereto the heirs have been recognized and placed in possession by an *ex parte* order of court, has the force *per se* of closing the succession.

We so held in the Succession of Bray. If it were otherwise, heirs would have had furnished them a ready method of evading the law. Coming before any one else to a knowledge of the death of their ancestor, they could rush into court, open and immediately close the succession by an order, without a single act of administration having been done while the succession was under administration, which seems to have been the case in this succession.

We think the lawmaker contemplates, so far as the relations between creditors of the succession and the heirs are concerned, that the former should be accorded a period of three months from the time of the unconditional acceptance of the heirs in which to institute suits on their claims, and that the heirs can not cut this right off by being placed in possession under an *ex parte* order of court.

Should the heirs before the end of the three months succeed in getting into this position, they can not gain any advantage by urging that at the time of their obtaining this order of possession, the claims of the creditors were not then in court on "pending suits."

It is said that an heir who has accepted under benefit of inventory is at liberty, at any time, to accept unconditionally—that in fact he

may, under differing circumstances, be forced into that position independently of his consent.

. That is true, but he can not do this to the injury of creditors who have relied upon his *status* as being that of an heir under benefit of inventory.

The change from beneficiary to unconditional heirship is generally by way of infliction of penalty and loss, instead of acquisition of rights.

(Blondeau "Separation des Patrimones", pages 510, 511 and notes.)

We do not attach the same legal consequences that defendants do to the fact that the creditors brought suit against the heirs as such, after they had been so recognized by order of court and placed in possession by order of court.

The heirs in a succession have the right, if they please, to accept unconditionally the succession of their ancestor immediately upon his death and to hold possession of its property, but they do so subject to the right of creditors during three months after this acceptance and this possession to demand security or exact an administration.

The creditors could very consistently have sued the heirs as such and made their prayer for security or an administration part of their demand.

· We held in the succession of Bray that the creditors were not estopped, by reason of their having dealt with heirs as such after they had been placed in possession of the property of the succession under an order of court and received partial payment of their claim from· them, from demanding security.

The bringing of suits against heirs is no more a recognition of their status as heirs than is the receipt of partial payments from them.

The right of the heirs to present possession under the order of the court is not contested; it is simply claimed that when the creditors' demands were filed, the succession of Hart was not definitely closed and the right of possession of the heirs was not absolute, but the latter right was subject to be defeated, the succession opened and its property placed in the hands of the administrator.

For the reasons herein assigned, it is hereby ordered, adjudged and decreed that the judgments of the District Court herein appealed from, be and the same are hereby annulled, avoided and reversed, and

it is now ordered, adjudged and decreed that the plaintiffs and inter-venors herein do have judgment in their favor against the defendants decreeing and ordering defendants Samuel J. Hart, and Helen H. Hart, wife of Maurice J. Hart, within ten days from the sending down of this judgment to the District Court, to furnish security in favor of the said plaintiffs and intervenors for the payment of their respective claims against the succession of Judah Hart, said security to be for an amount one-fourth over and above the amount of their said respective claims, and on their default to do so, it is hereby ordered, adjudged and decreed that an administrator be appointed to administer the Succession of Judah Hart.

WATKINS, J., dissenting, handed down a separate opinion in this case.