No. 4164

Second Circuit

---

## FIRST NATL. BANK IN GIBSLAND ET AL. v. RHODES' HEIRS

---

(January 14, 1932.  Opinion and Decree.)
(February 16, 1932.  Rehearing Refused.)

---

Goff & Goff, of Arcadia, attorneys for plaintiffs, appellees.

J. Rush Wimberly, of Arcadia, attorney for defendants, appellants.

McGREGOR, J.  F. B. Rhodes died in the parish of Bienville, this state, on or about August 18, 1930, leaving Mrs. S. A. Rhodes as his widow and surviving spouse, and Mrs. Rosa Lee Canfield, Mrs. Martha Shaffer, Mrs. Nellie Willis, Mrs. Gussie Johnson, G. H. Rhodes, and A. M. Rhodes as his sole and only heirs at law, being the issue of his marriage with his wife, the said Mrs. S. A. Rhodes.  During his lifetime there was accumulated certain real and personal property by the community existing between him and his said wife. On October 1, 1930, Mrs. Rhodes filed an

ex parte application to have herself recognized as the owner of an undivided one-half interest in the property belonging to the community at the time of the death of her husband, and to have the above-named children recognized as the sole and only heirs of her deceased husband, and, as such, the owners of the other undivided one-half interest in said property, and to have herself decreed to be entitled to the possession of her undivided one-half interest as owner and to be entitled to the possession of the heirs' undivided one-half interest as usufructuary. The usual order was signed by the judge of the district court, and, pursuant to that order, an inventory of the property belonging to the said community was made by a notary public on October 2, 1930. On October 4, 1930, the judge of the district court signed an ex parte judgment recognizing the widow and heirs as owners of the property of the community in accordance with the prayer of the widow in her application, and sending the widow in possession of one-half of the property as owner and of the other one-half as usufructuary. None of the heirs was party to these proceedings. On October 9, 1930, the First National Bank in Gibsland, one of the plaintiffs in the present suit and a creditor of the said F. B. Rhodes at the time of his death, filed an application for a rule to issue directed to the heirs and children of the said deceased ordering them to appear before the court at a time and place to be fixed, for the purpose of declaring whether they would accept or renounce the succession of their deceased father. The court signed the order as prayed for, and October 20, 1930, was fixed as the date for the hearing on the rule. On October 18, 1930, the heirs filed an exception of prematurity, which was overruled. On the same day, Mrs. S. A. Rhodes executed a blanket mortgage payable to her own order for $5,000, covering her interest in the real estate formerly belonging to the community existing between herself and her deceased husband, and all the heirs except G. H. Rhodes executed similar mortgages for $1,000 each on their respective interests in the said property. In these mortgages, the heirs declared that they had accepted the succession of their father. No such mortgage was executed nor declaration made at the time by G. H. Rhodes. Later, however, on February 27, 1931, all of the heirs appeared through their attorney and answered the plaintiff's petition and specially declared that they had accepted their father's succession, and averred that plaintiff's remedy, if any, was by other processes.

On November 5, 1930, the present suit, with the First National Bank in Gibsland and the Gibsland Investment Corporation as plaintiffs, was filed. In the petition, it is alleged that the two plaintiffs constitute a majority in amount of the creditors of the succession of the deceased F. B. Rhodes, and that they had filed for record the evidence of their respective claims, and that they had been recorded in the mortgage records of Bienville parish. The prayer of the petition is: That they be recognized as creditors of the succession of Rhodes for the amounts set forth in their respective claims; that the heirs named as defendants be required to give security within such time as may be fixed by the court for the payment of their claims; and that in default of the furnishing of the said surety, an administrator be appointed to administer the succession. They pray further for judgment decreeing a separation of patrimony, separating the property of the succession from that of the defendants, and ordering the plaintiffs' claims to be paid from the effects of the succession by preference and priority over the creditors of the heirs.

The defendants filed an exception of misjoinder of plaintiffs and defendants, which

was overruled. An exception of no cause or right of action was then filed, setting forth that all the defendants had accepted the succession. This exception was referred to the merits, an answer was filed, the case was tried on May 19, and on May 29, 1931, judgment was rendered in favor of the plaintiffs recognizing them as creditors of the succession of F. B. Rhodes, requiring the defendants to give security for the payment of plaintiffs' claims on or before June 15, 1931, and, in default of giving the said security, it was ordered that an administrator be appointed; there was further judgment ordering a separation of patrimony as prayed for. From this judgment, the defendants have appealed.

---

## OPINION

The law governing this case, giving the plaintiffs the right to require security for the payment of their claims against this succession or the appointment of an administrator in default of the giving of the required security, is found in article 1011 of the Revised Civil Code of Louisiana, which reads as follows:

"The heir, who has accepted the succession simply, may even be compelled to make an inventory of the succession, and to give security in the same manner as in the case of the benefit of an inventory, if a majority in amount of the creditors of the succession, either present or represented in the parish where the succession is opened, require it; in default of such security, there shall be appointed an administrator to administer the succession, according to the provisions of the section relative to the benefit of inventory."

At the trial, it was proved that the heirs had accepted the succession, and that the plaintiffs represented a majority in amount of the claims against the succession. The judgment requiring the giving of security and ordering an administrator of the succession in default of the giving of said security is therefore correct. The law giving to the creditors the right to demand a separation of patrimony is found in article 1444 of the Revised Civil Code:

"The creditors of the succession may demand, in every case and against every creditor of the heir, a separation of the property of the succession from that of the heir. This is what is called the separation of patrimony."

In order to exercise this right, it is necessary that within three months from the express or tacit acceptance of the succession by the heirs a suit must be instituted, and the petition in the suit must contain a sworn declaration of the creditor or creditors that they believe the heirs are embarrassed with debts, and that they have reason to believe that personal debts will absorb the effects of the succession to their prejudice. Civ. Code, arts. 1456 and 1457. All these conditions and requirements were fulfilled and complied with by the plaintiffs, and therefore that portion of the judgment ordering a separation of patrimony is also correct.

There is no merit in the exception of misjoinder filed by the defendants, and it was properly overruled. Articles 1011, 1452, 1456, and 1457 of the Civil Code specially contemplate that a suit of this nature shall be brought jointly by a majority in amount of all the creditors, and that it may be brought against some or all of the heirs.

One of the plaintiffs in the case is the First National Bank in Gibsland and the notes that evidence the debts claimed by it are made payable to the First National Bank, Gibsland, La. Defendants urge that this variance is fatal, and that this plain-

tiff has no standing in court to bring suit on the notes made payable as they are. It is clear that the words "in Gibsland" in the name of the plaintiff were placed there to designate location. The words "Gibsland, La." designate the location as effectively as do the words "in Gibsland." It is observed from the notes filed in evidence that the plaintiff has its name printed on the face of the notes and in its rubber stamp indorsements as First National Bank, Gibsland, La. This is sufficient, and there is no merit in defendants' contention in this regard. The note on which the claim of the Gibsland Investment Corporation is based is made payable to, and indorsed by, the First National Bank, Gibsland, La. Defendants raise the same objection to that claim that they raised against the bank's claim. Certainly if the note is transferred to the Gibsland Investment Corporation by indorsement in the exact words of the payee, there can be no possible question raised as to the validity of the indorsement or the right of the indorsee or holder to bring suit on it.

The appellees have answered and ask that the judgment appealed from be amended by fixing a new date for the giving of security by the defendant, for the reason that the one fixed by the lower court has long since passed. It needs no argument to hold that the judgment should be amended in this respect.

For the reasons assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, amended so as to order the defendants to give security for payment of plaintiffs' claims within ten days from the time when this judgment shall become final; and, as thus amended, the judgment is affirmed, with all costs of both courts.