89 So.2d 359

RAPIDES GROCERY COMPANY

v.

Thomas L. VANN, Jr. et al.

No. 42827.

June 29, 1956.

Stafford & Pitts, Alexandria, for plaintiff-relator.

Earl Edwards, Marksville, for defendant-appellee.

PONDER, Justice.

The plaintiff, Rapides Grocery Company, on March 26, 1954, brought suit against T. L. Vann, Jr., and C. J. Dupont seeking separation of patrimony and the annulment of an act of sale wherein T. L. Vann, Jr. transferred real estate that he had received from the succession of T. L. Vann, Sr. to C. J. Dupont.

The plaintiff alleges in its petition that it is a creditor of T. L. Vann, Sr., deceased, for the sum of $849.68; that T. L. Vann,

Sr., died on December 19, 1953; that T. L. Vann, Jr. was sent into possession by an ex parte order of court dated January 25, 1954 of all the effects of the succession of T. L. Vann, Sr. as the sole heir of the decedent; that T. L. Vann, Jr. accepted the succession simply and unconditionally; that less than three months have elapsed since the express acceptance of the succession by T. L. Vann, Jr.; that T. L. Vann, Jr. sold certain real estate belonging to his deceased father on January 25, 1954 to C. J. Dupont; that plaintiff believes "that the said heir is embarrassed with debts and has good reason to believe that the personal debts of the said heir will absorb the effects of the succession to the prejudice" of plaintiff's right as a creditor of the deceased; that a separation of the property of the succession from that of the heir is necessary; that an inventory of all the succession property should be taken in the manner and form prescribed by law; and that C. J. Dupont, transferee of the property from the heir T. L. Vann, Jr., be made defendant herein. The plaintiff prayed for an inventory, recognition of its debt, and a separation of patrimony. Plaintiff further prayed that in the event there are no effects of the succession sufficient to pay its claim in full that its right to personal recourse against the heir be reserved. The plaintiff further prayed that the act of sale of the real estate from T. L. Vann, Jr. to C. J. Dupont be decreed null insofar as it af-

fects the right of the plaintiff as a creditor of the succession. C. J. Dupont interposed exceptions of misjoinder, non-joinder, and no right and no cause of action and interposed a plea of three months prescription under Article 1456 of the LSA–Civil Code. The defendant Dupont answered the plaintiff's petition, reserving his rights under the exceptions and plea of prescription, averring in effect that he acted in good faith. The defendant Dupont amended his answer and called T. L. Vann, Jr. in warranty. Vann, Jr. made no defense to the suit and judgment of default was rendered against him. When the exceptions were heard the defendant was allowed, over the objection of the plaintiff, to introduce evidence to prove that Vann, Jr. owed no debts at the time of his father's death. Counsel for the plaintiff objected to the introduction of the evidence as follows: "I object for the reason that this is a matter which addresses itself to the merits of the case; that the plaintiff has made the necessary and proper allegations in support of its action in patrimony; is not prepared at this time to try the case on merits; pleads surprise and feels that the issue as to factual situation alleged in petition and denied in answer of defendant, Dupont, which answer has been filed should be tried in orderly manner upon the merits of case and not upon an exception of no right of action." This objection was overruled by the court. The evidence offered to prove that Vann, Jr. did not owe any debts was the testimony of the attorney, who brought the proceedings to place Vann, Jr. in possession of the property, to the effect that he knew of no debts to his personal knowledge, and the testimony of Vann, Jr.

Upon hearing, the trial court sustained the exceptions of non-joinder and no cause and no right of action and dismissed plaintiff's suit. On appeal the court of appeal affirmed this judgment. The plaintiff applied for and was granted a review by this Court and the case is now submitted for our determination.

It appears from the written opinion of the trial judge that he relied upon the cases of Beck v. Beck, La.App., 181 So. 635 and Rochelle v. Russ, La.App., 54 So.2d 856, in sustaining the exception of no right or cause of action. He concluded that under these decisions that it must be pleaded and proven that there are creditors of the heir in order to sustain an action for separation of patrimony and since Dupont is not alleged to be such a creditor that the action does not lie. He was of the opinion that although Article 1458 of the LSA–Civil Code is clear and unambiguous in its provisions that when the heir sold property within three months there was a right to annul the sale nevertheless since this article is placed in sequence with Articles 1444, 1445, and 1446 that the provisions of these last cited articles of the LSA–Civil Code are controlling.

The court of appeal affirmed the judgment being of the opinion that the exception of no right of action had merit to it and that the evidence was admissible thereunder.

The plaintiff-relator contends that the holdings of the trial court and the court of appeal are in error for the following reasons:

(1) The holding that a plaintiff in an action for separation of patrimony must join as defendants the creditors of the heir;

(2) In permitting the introduction of evidence on the exception which in truth and fact was an exception of no cause of action to establish the lack of creditors of the heir and using such evidence as the basis for its decision on the exception;

(3) In holding that the plaintiff's petition, which contained a demand that the sale made on the day the succession was opened be declared null and void, did not state a cause of action entitling the plaintiff to relief.

The relator takes the position that it was not required to join the creditors of the heir as defendants in an action for separation of patrimony. Citing LSA–Civil Code, Articles 1421, 1444 and 3275; Rochelle v. Russ, supra; First National Bank of Gibsland v. Rhodes' Heirs, 19 La.App. 382, 138 So. 700. Relator also takes the position that the heir cannot alienate or sell the property of the succession within a period of three months after the opening of the succession to the prejudice of the creditors and if he does so the creditors may cause the act to be declared null as done in fraud of their rights. Citing Article 1458 of the LSA–Civil Code; First National Bank of Gibsland v. Rhodes' Heirs, supra; Succession of Hart, 52 La.Ann. 364, 27 So. 69; Succession of Bray, 50 La.Ann. 1209, 24 So. 601. Relator earnestly contends that it was improper to admit evidence on an exception which in fact was an exception of no cause of action and use such evidence as a basis for a decision and that the evidence was such that it should have been heard on trial of the merits after offering the plaintiff its full day in court.

■ It appears from the record that Vann, Sr., died on December 19, 1953. T. L. Vann, Jr. was sent into possession of the deceased's property, consisting of two lots and improvements situated in the town of Bunkie, by an ex parte order of court on January 25, 1954. On the same day, January 25, 1954, T. L. Vann, Jr. sold this property to C. J. Dupont for a cash consideration of $3,250. The present suit was instituted on March 26, 1954, within three months from the time the succession was opened.

The pertinent articles of the LSA–Civil Code are as follows:

Article 1421—"The creditors of a succession have three kinds of ac-

tions to cause themselves to be paid the debts due them by the deceased, to wit:

"1. A personal action against the heirs, or those who stand in the place of heirs;

"2. An hypothecary action against the detainers or possessors of the property mortgaged for their debts;

"3. And the action of the separation of the patrimony of the deceased from that of the heir."

Article 1444—"The creditors of the succession may demand, in every case and against every creditor of the heir, a separation of the property of the succession from that of the heir. This is what is called the *separation of patrimony*."

Article 1445—"The object of a separation of patrimony is to prevent property, out of which a particular class of creditors have a right to be paid, from being confounded with other property, and by that means made liable to the debts of another class of creditors."

Article 1446—"The effect of this demand, on the part of the creditors of a succession, is to cause them to be paid from the effects of the succession in preference to the creditors of the heir."

Article 1447—"This separation may be demanded by all the creditors of the

deceased, whatever they may be. It is not necessary that these debts be demandable in order to enable the creditors to exercise this right."

Article 1456—"The suit of separation of patrimony must be instituted within three months from the express or tacit acceptance of the heirs; after the expiration of this term, it is not admitted."

Article 1457—"The petition for separation of patrimony shall not be received, unless it be accompanied with the sworn declaration of the creditor or creditors parties, to it, that they believe the heir is embarrassed with debts, and that they have reason to believe that his personal debts will absorb the effects of the succession to their prejudice."

Article 1458—"In the interval between the opening of the succession and the three months allowed for the institution of the suit for the separation of the patrimony, the heir cannot alienate, affect nor (or) sell the effects of the succession, nor (or) any of them to the prejudice of the creditors; and if he does it, the creditors may cause the acts to be declared null, as done in fraud of their rights."

Article 3275—"Creditors and legatees who demand a partition of the patrimony of the deceased, in conformity with the provisions contained

in the third section of the eighth chapter of the title: *Of Successions*, preserve their privilege, as against the heirs or representatives of the deceased, on the immovables of the succession, only by recording the evidences of their claims against the succession within three months after it is opened.

"Before the expiration of this time no mortgage can be enforced against the property, nor any alienation be made by the heirs or representatives of the deceased, to the injury of the creditors of the succession."

From a reading of these articles of the LSA–Civil Code, it is apparent that the action for separation of patrimony must be instituted within three months after the acceptance of the heir or the opening of the succession. Articles 1456 and 1458 of the LSA–Civil Code. The petition must be accompanied with a sworn declaration of the creditor or creditors "that they believe the heir is embarrassed with debts, and that they have reason to believe that his personal debts will absorb the effects of the succession to their prejudice." Article 1457, LSA–Civil Code. When these allegations are made in a petition, as herein, it sets forth a cause of action and the verity of such an allegation addresses itself to the merits of the case. Under the provisions of Article 1458 of the LSA–Civil Code, it is apparent that any creditor of the succession may set aside a sale made

by the heir of the succession property within the period of three months after the succession is opened if it prejudiced the rights of the creditor or creditors and the creditor or creditors may cause the same to be declared null as in fraud of their rights.

Insofar as the exception of no right of action is concerned the plaintiff-relator certainly, as a creditor of the succession, has the right to institute such suit in view of the aforementioned articles of the LSA–Civil Code. Especially is this true since the petition herein complies with Article 1456 requiring the suit to be brought within three months and Article 1457 requiring the allegation to be made that the creditor believes that the heir is embarrassed with debts and that said debts will absorb the effects of the succession to the prejudice of the creditor. The right of the creditor of a succession to bring such suit is conferred by these articles of the Code.

█ The leading case which has been quoted by all the appellate courts of this state with approval on numerous occasions is the case of Duplain v. Wiltz, La.App., 174 So. 652, 655, which properly states the functions of the exceptions of no right and that of no cause of action as follows:

"The right to sue is conferred either by statute or the jurisprudence, whereas the cause to sue is legally determined after investigation of the facts presented."

After reviewing the jurisprudence and the cited cases, we have reached the conclusion that this is a correct explanation of the difference between an exception of no right of action and an exception of no cause of action. Consequently, when these rules are applied to the petition in the present case the exceptions are without merit and must necessarily be overruled.

Moreover, the tendency of modern practice is to yield as little as possible to technicalities and to be more liberal in upholding substantive rights instead of subtle technicalities. Reeves v. Globe Indemnity Co., 185 La. 42, 168 So. 488; Slattery Company v. F. W. Woolworth Company, 214 La. 876, 39 So.2d 161; United Carbon Company v. Mississippi River Fuel Corporation, 230 La. 559, 89 So.2d 122.

Under the facts in this case the plaintiff-relator was not afforded a reasonable opportunity to establish whether or not there were any creditors of the heir. This in itself shows the question is one that addresses itself to the merits in order that the plaintiff may have a reasonable opportunity to establish these facts.

For the reasons assigned the judgment of the lower court and the judgment of the court of appeal are reversed and set aside, the exceptions of no right and no cause of action and the exception of non-joinder are overruled. The case is remanded to be proceeded with consistent with the views herein expressed. The cost of the proceedings before this Court is to be paid by the respondent, C. J. Dupont, all other costs to await the final disposition of the case.