102 So.2d 505 (1958)
Mrs. Frances Turner MAGGIO, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.
No. 4577.
Court of Appeal of Louisiana, First Circuit.
April 21, 1958.
Rehearing Denied May 26, 1958.
*507 Joseph A. Gladney, Baton Rouge, Joseph A. Sims, Hammond, for appellant.
Porteous & Johnson, New Orleans, for appellee.
TATE, Judge.
The District Court sustained exceptions of no right and cause of action to plaintiff's original and amended petitions.
Plaintiff appeals to this Court, urging that the District Court erred in permitting evidence to be received despite objection thereto in the trial of what was truly an exception of no cause of action, although denoted as an exception of no right of action; as well as in sustaining such exception under the evidence admitted.
Plaintiff's petitions pertinently allege that she was a guest passenger in a 1941 Ford Sedan driven by Mrs. Florence Gill, which was on November 20, 1952 involved in an accident; that plaintiff's driver's contributory negligence was a concurrent proximate cause of the accident, as a result of which plaintiff received various personal injuries for which recovery is sought by the present action; and that defendant insurer ("State Farm") had issued a liability policy covering operation of the 1951 Ford automobile in which plaintiff was riding, in consequence of which, said insurer is liable for the personal injuries sustained by plaintiff as a result of the negligence of the vehicle's driver.
It is unquestioned that a liability policy covering operation of the motor vehicle involved in the accident had been issued by State Farm and that the accident occurred within its effective dates. The defense tendered by the exception is that prior to the accident of November 20, 1952, the insured vehicle had been sold by the named insured, McGehee Brothers Furniture Company, to another person, L. C. Gill, so that the insurer was not liable for harm caused by the negligent driving of the latter's wife, Florence Gill, since State Farm had not contracted to insure such parties.
Conceding that an exception of no cause of action is triable on the face of the pleadings alone and that no evidence may be received over the objection of opposing counsel in the trial thereof, the defendant-appellee ascribed the above-stated defense as one triable in limine by an exception of no right of action, in the trial of which evidence outside the pleadings may properly be received for the purpose of showing whether or not the right claimed by plaintiff exists in his favor. Relied upon by the defendant-appellee, and by the trial court in upholding such contentions, were cases such as Rapides Grocery Co. v. Vann, La.App. 2 Cir., 84 So.2d 831, and Clostio's Heirs v. Sinclair Refining Company, La.App. 1 Cir., 36 So.2d 283.
However, the cited Rapides Grocery case, decided by our brethren of the Second Circuit, was reversed on writs by the Supreme Court, 230 La. 829, 89 So.2d 359. The recent jurisprudence of that Court, as well as of the present tribunal has clarified the distinction between an exception of no cause of action and that of no right of action. Wischer v. Madison Realty Co., 231 *508 La. 704, 92 So.2d 589; Rapides Grocery Co. v. Vann, 230 La. 829, 89 So.2d 359; Richard v. National Surety Corp., La.App. 1 Cir., 99 So.2d 831; Maryland Casualty Co. v. Gulf Refining Co., La.App. 1 Cir., 95 So.2d 734; Leteff v. Maryland Cas. Co., La.App. 1 Cir., 82 So.2d 80.
As summarized by this Court in Maryland Casualty Co. v. Gulf Refining Co., La.App. 1 Cir., 95 So.2d 734, at page 736
"* * * the exception of no right of action is the exception of want of interest or capacity and relates `specifically to the person of the plaintiff' and its function `is to raise the question of whether a remedy afforded by the law can be invoked by a particular plaintiff'; whereas the exception of no cause of action `relates generally to the action', and its function `is to raise the general issue as to whether any remedy is afforded by the law' to the plaintiff or to anyone similarly situated, summarizing and quoting from the Wischer case, 92 So.2d 589, at page 591. These cases indicate that a right of action is remedial, the right to pursue a judicial remedy, that is, the right to institute and maintain a suit for a certain object; a cause of action is substantive, the entire state of facts that give rise to an enforceable claim, or in other words, the actual right or obligation which is sought to be enforced."
Applying these tests, it is plain that the defense tendered, rather than relating to the person of this particular plaintiff as lacking an interest to institute this suit, raises the issue of whether the law affords any remedy or cause of action against the named defendant to any person negligently injured through operation of the automobile involved in the accident. Thus, the defense is one which should properly be raised by an exception of no cause of action, ordinarily triable only on the face of the pleadings. See, particularly Leteff v. Maryland Casualty Co., La.App. 1 Cir., 82 So.2d 80.
To this rule that no evidence is admissible over objection upon the trial of an exception of no cause of action, apparently one exemption is recognized by our jurisprudence: When a plaintiff's claim is founded upon a contract or some other document such as a resolution, such documentary evidence may be received in complementation of the pleadings to determine in limine whether plaintiff's cause of action is well founded, Soniat v. White, 155 La. 290, 99 So. 223 (on appeal); Id., 153 La. 424, 96 So. 19 (on application for writs), cf., Schmidt v. Conservative Homestead Ass'n, 181 La. 369, 159 So. 587, at page 588; cf. also, Roy O. Martin Lumber Co. v. Saint Denis Securities Co., 225 La. 51, 72 So.2d 257. The reason for this exemption seems to be the theory that such evidence, if not annexed to the petition, is of right available in the consideration of the sufficiency thereof, as plaintiff can be required by a motion for oyer to file same, C.P. Art. 175.
The documents tendered by defendant insurer in support of its exceptions were the insurance policy issued by it covering operation of the vehicle in question (which indicates that the named insured was the McGehee Brothers Furniture Company) and certain documents which indicate that the vehicle in question was sold on October 24, 1952 by said named insured to L. C. Gill, husband of the vehicle's driver at the time of the accident almost a month later, November 20, 1952.
With the benefit of the exemption permitting such introduction upon the trial of the exception, considerable merit might attach to defendant State Farm's contentions that the pleadings and complementary documentary evidence show that the tort-feasor was not their insured and, hence, that plaintiff has no cause of action; were it not for additional allegations by plaintiff.
*509 These allegations show:
L. C. Gill was a salesman employed by the McGehee Brothers Furniture Company. This firm required its employees to carry insurance on their personal cars and took out such insurance for them from State Farm, listing both the employer and the salesman as joint named insureds. The premiums were deducted by the employer from the employees' salaries, and paid directly by the former to State Farm.
When Gill needed a new car in 1951, McGehee Brothers purchased same for him; and, as the documents tendered by State Farm as exceptor corroborate, McGehee Brothers and Gill executed on April 27, 1951 an agreement under which title was to remain in the employer until Gill had finished paying for the car through monthly installments deducted from his salary and commissions. On October 24, 1952, title was formally transferred by McGehee Brothers to Gill.
When the automobile was purchased, insurance was taken out with State Farm listing McGehee Brothers as the named insured; the premiums were, however, paid by Gill through deductions from his earnings, as also they were when the policy was renewed every six months. On October 30, 1952, six days after the formal transfer of title to Gill, the policy was again renewed, the only named insured still being McGehee Brothers although the car was owned and the insurance premiums were paid by Gill.
It is further alleged that State Farm's agent had full knowledge of all these facts and was supposed to list Gill jointly with McGehee Brothers as the named assured as was done with most of the other salesmen required by said employer to take out insurance with State Farm; and finally that Mrs. Gill was at the time of the accident driving the insured vehicle with the mutual consent of McGehee Brothers and her husband.
All of these allegations must, of course, be accepted as true for purposes of trying the exception of no cause of action. See, e.g., Verret v. Calcasieu Parish School Board, La.App. 1 Cir., 85 So.2d 646.
Although some argument is made that the frequent iteration in the petition of the allegations that such course of conduct with regard to the insuring was for the benefit of McGehee Brothers precludes any finding that the policy was issued to protect Gill personally, when read as a whole (and including the demand that the policy be reformed so as to show Gill as an additional "named insured") the factual allegations of the petition in our opinion do state a cause of action.
For especially if (as alleged) the insurer's agent had full knowledge of Gill's equitable ownership of the car even at the inception of the coverage[1] and of Gill's contribution to payment of insurance premiums, and also knowledge that formal title was to be conveyed to Gill upon completion of his payment of the purchase price, the insurer might be bound by the knowledge of the true intention of the parties that the insurance policy was issued for the protection also of Gill as an additional named insured. Boyd v. American Fire & Cas. Co., La.App. 2 Cir., 50 So.2d 688; Pacific Finance Co. v. Granite State Fire Ins. Co., La.App. 2 Cir., 45 So.2d 378; Monroe Air Park No. 1 v. American Aviation, etc., Ins. Co., La.App. 2 Cir., 41 So.2d 795. "The great majority of cases hold that notice to the agent of any circumstances which would prevent sole and unconditional ownership from being present is notice to the company," 4 Appleman Insurance Law and Practice, Section 2624 at p. 492.
*510 And if an insurance policy within the actual intention of the parties is issued for the protection of another than the named insured, the insurer may be held to have afforded such protection by the policy, or to be estopped to deny it; also, the policy may be equitably reformed[2] to show the true intention of the parties in this regard. Christo v. Eagle Star Ins. Co., 232 La. 28, 93 So.2d 682; Randazzo v. Insurance Co., etc., 196 La. 822, 200 So. 267; Dutton v. Harmonia Ins. Co., 191 La. 72, 184 So. 546; Pope-Gammill Lumber Co. v. Zurich Gen. Acc. & Liab. Ins. Co., 168 La. 422, 122 So. 278; Churchman v. Ingram, La.App. 2 Cir., 56 So.2d 297; Crowell v. New Hampshire Fire Ins. Co., La.App. 2 Cir., 147 So. 762.
Plaintiff re-urges upon appeal its rule against defendant under LSA-R.S. 13:3782(1) to show cause why the latter should not produce for plaintiff's inspection and reproduction certain statements taken by the defendant insurer from the Gills, from Mr. Gill's employers, and from the insurance agent in charge of the transactions involving issuance of the policy covering operation of the car in question, as well as certain investigation reports concerning the present and a prior accident.
Such documents would be evidentiary as to the knowledge of the insurer of the alleged real party in interest for whose benefit the insurance policy was issued by it, a matter peculiarly within the knowledge of defendant insurer. Plaintiff's motion in our opinion shows "good cause" for requiring the production of same, LSA-R.S. 13:3782, and such documents insofar as prepared in "anticipation of litigation" are nevertheless available to plaintiff, since we are satisfied that "denial of production or inspection will unfairly prejudice" or cause "undue hardship" to the plaintiff in the preparation of his claim, LSA-R.S. 13:3762.
For the above and foregoing reasons, the judgment of the District Court dismissing plaintiff's suit upon exceptions is reversed; and these proceedings are remanded to the trial court for further proceedings according to law and not inconsistent with the views above expressed.
Reversed and remanded.
NOTES
[1] Cf., LSA-R.S. 9:4562, whereby under judicial interpretation thereof a conditional sale attempted in Louisiana conveys immediate ownership to the conditional vendee.
[2] It is probably unnecessary to comment upon defendant's argument that the plaintiff, being a third person insofar as the parties to the contract are concerned, cannot demand a reformation of the insurance contract; for such technical relief might not be necessary if the allegations of the present petitions are proved, cf. Churchman v. Ingram, La.App. 2 Cir., 56 So.2d 297. Such an argument, moreover, appears to overlook the effect of the Louisiana Direct Action Statute, LSA-R.S. 22:655, whereby an injured party is vested with an immediate right to sue directly the insurer of the tortfeasor.