CULPEPPER, Judge.
This is a suit for separation of patrimony. From an adverse judgment plaintiffs have appealed.
Plaintiffs, Frank Lamothe and Louise Lamothe, contend that they are creditors of the succession of Mary Lamothe Grayson, deceased, for the total sum of $460.47 of which $160.47 is álleged to represent the value of funeral expenses and nursing services during the last illness of the decedent. The plaintiff, Pearl Robinson, contends that she is a creditor of the said succession *820 for the sum of $78 for nursing services during the last illness of the decedent.
Plaintiffs allege that Mary Lamothe Grayson died on June 26, 1959, leaving a will naming the defendant herein as testamentary executrix and universal legatee; that the said will was probated on July 13, 1959; that on August 18, 1959, defendant qualified and was issued letters of executor-ship and that on the same date the defendant herein, Frances Brooks Griffin (in her capacity as testamentary executrix and universal legatee) obtained an order of court dispensing with the administration of said estate, discharging defendant as executrix and placing her in possession as owner of all of the succession property. Plaintiffs alleged that the judgment dispensing with an administration, discharging the executrix and placing the universal legatee in possession of the property was without any authority in law. In their petition, plaintiffs then proceed to allege that the said universal legatee is embarrassed with debts, that petitioners have reason to believe that the personal debts of the legatee will absorb the assets of the succession to the prejudice of petitioners and therefore a separation of the property of the said succession from that of the universal legatee is necessary.
The petitioners name as the defendant, Frances Brooks Griffin individually. The prayer of plaintiffs’ petition is as follows:
“1 — that due citation issue herein and that after all due legal delays and trial had, there be judgment herein in favor of petitioners and against the succession of Mary Lamothe Grayson recognizing Frank and Louise Lamothe as creditors of said succession in the sum of $460.47, of which amount of $160.47 is privileged as funeral and nursing during last illness charges; recognizing Pearl Robinson as a privileged creditor of the succession in the sum of $78.00 for nursing during the last illness.
“2 — all of said debts of said succession to bear 5% per annum interest from judicial demand.
“2 — that there be judgment herein in favor of petitioner decreeing a separation of the property of the succession from the property of the defendant universal legatee, and all costs of suit.”
On the trial of the case, plaintiffs introduced evidence for the purpose of proving their claims for funeral expense, nursing services, etc., but introduced no proof whatever as to any debts owed by the defendant, universal legatee.
In a well considered opinion the trial judge held as follows:
“This Court is of the opinion that, because of lack of proof with respect to an essential element of the plaintiff’s case, it is entirely unnecessary to indulge in a discussion of the evidence and the law applicable to it.
“This suit is not one against the defendant universal legatee for a personal judgment on account of her having unconditionally accepted the decedent’s succession and thereby liabled herself for its debts. The suit is clearly one for recognition of the plaintiffs as creditors of the succession and for a separation of patrimony so as to insure that their claims will be protected against the eventuality of the heir’s personal debts absorbing the assets of the succession. This is the action described in Civil Code Article 1444, reading:
“ ‘The creditors of the succession may demand, in every case and against every creditor of the heirs, a separation of the property of the succession from that of the heir. This is what is called the separation of patrimony.’
“The following article number 1445, provides:
“ ‘The object of a separation of patrimony is to prevent property, out of which a particular class of creditors have a right to be paid, from being confounded with other property, and *821 by that means made liable to the debts of another class of creditors.’
“There is absolutely no evidence in the record in this case going to establish that the defendant has personal creditors or that there is another class of succession creditors aside from the plaintiffs herein. In this situation there is no basis whatsoever upon which a suit for separation of patrimony can stand. See Beck v. Beck [La.App.], 181 So. 635; Rochelle v. Russ [La. App.], 54 So.2d 856; and, Rapides Grocery Company v. Vann, et al. [230 La. 829], 89 So.2d 359.”
In an application for rehearing in the lower court, plaintiffs contended that under the well established law as set forth in Keith v. Lee, 13 La.App. 309, 127 So. 139, the appointment of an administrator has the effect of separating the patrimony and dispenses with the necessity of the succession creditors complying with LSA-Civil Code, Articles 1444 — 1464.
In disposing of this contention the lower court in denying the rehearing correctly held as follows:
“Further, the case of Keith v. Lee, supra, was considered. However, it is not understood how its holdings can be helpful to the case of plaintiffs in seeking a decree of separation of patrimony if in fact such a separation has already occurred by reason of the actions of the defendant as testamentary executrix and universal legatee set forth in the petition. In other words, the decree sought would be a vain and useless thing.”
In our opinion, the trial judge was correct in finding that the case of Keith v. Lee, supra, cannot benefit the plaintiffs in the instant action. Apparently the theory of plaintiffs’ contention under Keith v. Lee, supra, is that the defendant, Frances, Brooks Griffin, was properly qualified as testamentary executrix but that her discharge by the court was unlawful and she is therefore still the executrix and the succession is still under administration. The answer to this argument is that the instant action is solely one for separation of patrimony and even if the succession was still under administration (an issue on which we do ,not find it necessary to pass) plaintiffs must fail because, as the trial judge held, it would be a vain and useless thing to order a separation of patrimony if the patrimony was already separated by virtue of an administration.
For the reasons hereinabove set forth, the judgment appealed from is affirmed, .All costs of this appeal are assessed against the plaintiffs.
Affirmed.