This is a suit by Lena Lunkin under the Workmen's Compensation Law, to recover benefits for the death of her son, Willie Lunkin, on whom she claims to have been dependent.
Willie Lunkin died on April 2, 1941, as a result of injuries received by him in an accident which occurred while he was operating a tractor on a farm in Ascension Parish belonging to Triangle Farms, Inc., a Louisiana corporation domiciled in New Orleans.
On March 30, 1942, Lena Lunkin filed a suit in the District Court of Ascension Parish against Evan-Hall Sugar Cooperative, Inc., a Louisiana corporation domiciled in Ascension Parish, and against the American Mutual Liability Insurance Company, of Boston, Massachusetts, its compensation insurer, alleging that she was the mother of Willie Lunkin; that she was entirely dependent on him for support at the time of his death; that he met his death as a result of an accident which occurred while he was driving a tractor for his employer, Evan-Hall Sugar Cooperative, Inc.; that the operation of a tractor is a hazardous occupation and that the defendants, *Page 346 
Evan-Hall Sugar Cooperative, Inc., and its compensation insurer, were indebted to her for 32 1/2 per cent. of Willie Lunkin's weekly wage at the time of his death for a period of 300 weeks plus interest and costs. Copies of the petition and citation were served on Evan-Hall Sugar Cooperative, Inc., through its General Manager, C.S. Churchill.
On April 9, 1942, an exception of no right of action was filed on behalf of Evan-Hall Sugar Cooperative, Inc., and the American Mutual Liability Insurance Company, setting forth that Willie Lunkin was not an employee of Evan-Hall Sugar Cooperative, Inc., at the time of his death, but was employed by Triangle Farms, Inc. This exception was referred to the merits and on June 22, 1942, the case was tried on its merits resulting in judgment being rendered on October 14, 1942, dismissing the plaintiff's suit for the reason that it was shown that Willie Lunkin was not employed by Evan-Hall Sugar Cooperative, Inc., at the time of his death, but by Triangle Farms, Inc. It was pointed out by the District Judge, in his written opinion in that case, that this was not a case in which two corporations are one and the same except for name, nor was one a subsidiary of the other; that Evan-Hall Sugar Cooperative, Inc., only operates the sugar factory and owns no real estate except the site upon which it is located, while Triangle Farms, Inc., is engaged extensively in the growing of sugar cane only.
On July 14, 1943, the plaintiff filed the present suit against Triangle Farms, Inc., setting forth substantially the same allegations as in her suit against Evan-Hall Sugar Cooperative, Inc., except that it is alleged that Willie Lunkin was employed by Triangle Farms, Inc., at the time of the injury which resulted in his death on April 2, 1941.
Service of the petition and citation in this case was made on Triangle Farms, Inc., through C.S. Churchill who appears to be the general manager of both Evan-Hall Sugar Cooperative, Inc., and Triangle Farms, Inc.
The defendant filed exceptions of vagueness, no cause and no right of action and an exception and plea of prescription, all of which were overruled. The defendant then filed an answer admitting that Willie Lunkin died on April 2, 1941, as a result of injuries received while operating a tractor while in the employ of the defendant, but denying any liability for compensation to Lena Lunkin, the plaintiff herein.
On the trial of this suit, in addition to the testimony of the various witnesses, the record of the suit of Lena Lunkin v. Evan-Hall Sugar Cooperative, Inc., was, by agreement, introduced and made a part of the record of this suit.
Judgment was rendered in this suit on March 22, 1944, against the defendant, Triangle Farms, Inc., awarding the plaintiff compensation for 300 weeks at the rate of 32 1/2 per cent. of Willie Lunkin's weekly wage of $12, or the sum of $3.60 per week, plus interest at the rate of 6% per annum from the respective maturity date of each installment, and for all costs.
On March 23, 1944, the defendant filed a motion for a rehearing for the purpose of correcting certain typographical and formal errors in the judgment, one such error being the allowance of 6% interest instead of the legal rate. The motion was granted and the Court amended the judgment so as to correct the typographical errors and change the rate of interest to 5%.
The defendant has taken a suspensive appeal from the judgment of the District Court, as amended, and in this Court, the plaintiff has filed a motion to dismiss the appeal on the grounds that the defendant, by its motion for a rehearing in the District Court, acquiesced in the judgment of that Court when on rehearing it received the relief prayed for.
The motion for a rehearing by the defendant in the lower Court was for the specific purpose of correcting clerical, typographical or formal errors so that the judgment would properly reflect the decision of the District Judge. This motion did not go into the merits of the judgment. In order to take away the right of appeal, there must be an unconditional, voluntary, and absolute acquiescence in the judgment on the part of the appellant, who must have intended to acquiesce and abandon his right of appeal. Cooper v. Federal Land Bank of New Orleans, La.App., 197 So. 822.
We do not think that the motion for a rehearing in this case, based on matters collateral to the merits, shows any intention on the part of the defendant to acquiesce in the judgment of the District Court or to abandon its right of appeal. For these reasons, the motion to dismiss the appeal is overruled. *Page 347 
A more serious question is presented for our determination by the exception and plea of prescription filed by the defendant in the District Court and which is now urged before this Court. The defendant contends that the plaintiff's claim for compensation is barred by the limitation of one year provided in Section 31 of the Workmen's Compensation Act (Act 20 of 1914). Under the provisions of this act, all claims for payment shall be forever barred unless within one year after the accident or death the parties shall have agreed upon payments to be made or proceedings have been begun by the claimant to recover compensation allowed under the act.
It will be noted that the suit against Evan-Hall Sugar Cooperative, Inc., et al. was filed within one year after the death of Willie Lunkin, but that the suit against Triangle Farms, Inc., now under consideration, was not filed until more than two years had elapsed since the death of Willie Lunkin. Therefore, unless the suit against Evan-Hall Sugar Cooperative, Inc., et al. had the effect of interrupting the prescription of one year in favor of Triangle Farms, Inc., the plea of prescription or peremption, as it is sometimes referred to, urged by the defendant must be sustained.
Plaintiff alleges in this suit as the explanation for having first filed suit against Evan-Hall Sugar Cooperative, Inc., instead of against Triangle Farms, Inc. what is termed the "Confusion of office and management of the Triangle Farms, Inc. and the Evan-Hall Sugar Cooperative, Inc." From the testimony in the two cases, however, it does not appear that the plaintiff was or should have been confused as to the identity of the employer of Willie Lunkin. On the trial of the suit against Evan-Hall Sugar Cooperative, Inc., on July 22, 1942, the plaintiff testified under direct examination that Willie Lunkin was paid at the office of Triangle Farms, Inc., and that his pay slips came from that office. This indicates that the plaintiff must have known that Willie Lunkin was employed by Triangle Farms, Inc., at the time of his death.
Our Courts have held many times that the filing of a suit and the citation of a defendant even though, through some defect in the pleadings or citation, a valid judgment could not be based thereon, will interrupt prescription if the proceedings are sufficient to notify the defendant of the grounds of the plaintiff's claim and that the plaintiff is asserting that claim in Court. Flower et al. v. O'Connor, 17 La. 213; Vernon v. Illinois Cent. R. Co., 154 La. 370, 97 So. 493; Norwich Union Indemnity Co. v. Judlin Whitmire, 7 La.App. 379; Mitchell v. Sklar, La.App., 196 So. 392. Moreover, the filing of a suit in a Court which is without jurisdiction may interrupt the prescription in favor of a defendant. Harris v. Traders General Ins. Co., 200 La. 445, 8 So.2d 289. In all of these cases, there had been an interruption of prescription through previous judicial proceedings which, although defective for one reason or another and insufficient to form the basis for a valid judgment, had given the defendant in each case unmistakable notice of the grounds of the plaintiff's claim and that the plaintiff was making a judicial demand against that defendant.
We do not think that any knowledge, however informal, which a prospective defendant may have of a claim intended to be prosecuted against it is sufficient to interrupt the flow of prescription in favor of such a defendant. We are of the opinion that, in order for there to be an interruption of prescription, the plaintiff must make a judicial demand which, even though it may be defective, will serve to inform the person on whom the demand is made exactly who the plaintiff intends to hold responsible for his claim. In other words, we think that the law contemplates that the defendant be notified judicially of the plaintiff's claim in order that there may be a legal interruption of the prescription running in favor of that defendant. Flower et al. v. O'Connor, 17 La. 213.
In the present case, no judicial proceedings whatever were filed against Triangle Farms, Inc. until over two years after the death of Willie Lunkin. The suit which was filed within one year after Lunkin's death was against Evan-Hall Sugar Cooperative, Inc. In that suit, the District Judge found, in a final judgment from which no appeal was taken, that Willie Lunkin was an employee of Triangle Farms, Inc. and not of Evan-Hall Sugar Cooperative, Inc., and that the two corporations were separate and distinct and that they were engaged in separate and distinct kinds of business.
Under the circumstances existing in this case, we do not think that the filing of the suit against Evan-Hall Sugar Cooperative, Inc., interrupted the prescription running in favor of Triangle Farms, Inc., or that the knowledge of Mr. Churchill, general *Page 348 
manager of both corporations, that Lena Lunkin was prosecuting her claim for the death of Willie Lunkin against Evan-Hall Sugar Cooperative, Inc., can be regarded as judicial knowledge of the claim on the part of Triangle Farms, Inc., such as would interrupt the prescription running in its favor. It is our opinion, therefore, that the claim against Triangle Farms, Inc., had prescribed or perempted when this suit was filed and that the exception and plea of prescription filed by the defendant should be sustained.
We are aware that in the case of Jackson v. American Employers' Ins. Co., 202 La. 23, 11 So.2d 225, it was held by the Supreme Court that the filing of a suit against one corporation interrupted the prescription in favor of another corporation under the circumstances existing in that case. However, we feel that the decision was based primarily on the peculiar facts of that case and on equitable considerations which we do not think would be justified in the present case.
Having concluded that the exception and plea of prescription filed by the defendant should be sustained, we find it unnecessary to pass on the other issues presented in this case.
For the reasons assigned the judgment of the lower Court is reversed and set aside and it is now ordered that the demands of the plaintiff be rejected and that this suit be dismissed at plaintiff's costs.
LE BLANC, J., recused.