This is the second time this appeal has been before us. On the former hearing of the case, this Court sustained the defendant's plea of prescription and dismissed the plaintiff's suit (19 So.2d 345). The history of the case is fully set out in that opinion and we deem it unnecessary to repeat it here. On June 29, 1945, the Supreme Court reversed our decision on a writ of certiorari and remanded the case to this Court for further proceedings (208 La. 538, 23 So.2d 209). Inasmuch as we only ruled on the plea of prescription in our former decision, all the other issues presented in the case are now before us.
At the time of his death, Willie Lunkin was living in concubinage with a woman called Emma Lunkin. According to the evidence, Willie, Emma and Emma's minor child occupied one side of a house belonging to the defendant while Lena Lunkin, who is the plaintiff herein and who was Willie Lunkin's mother, occupied the other side of the house with another son named Cornelius Lunkin and two minor children of Lena Lunkin's daughter. Willie Lunkin appears to have supported his concubine and her child and to have made occasional contributions to the support of his mother.
In the trial court, the defendant filed an exception of no cause and no right of action which was overruled by the district judge. The defendant now urges this exception before this Court.
[1] When the case was called for argument on the present hearing, the plaintiff filed what she calls a plea of estoppel the object of which is to prevent the defendant from urging its exception of no cause and no right of action. The basis of this plea seems to be that the defendant cannot offer a different argument in support of its exception from that offered in the trial court. This so called plea of estoppel is purely argumentative and does not suggest any of the elements of estoppel. In our opinion, it *Page 215 
is entirely without merit and must be overruled.
[2, 3] It is now academic that the exception of no cause of action must be determined on the face of the pleadings and, for the purpose of the exception, all well pleaded facts are taken as admitted and no evidence is admissible on the trial of this exception. In our opinion, the allegations of the plaintiff's petition in this case are sufficient to set forth a cause of action.
[4] The exception of no right of action strikes at the very foundation of the suit, that is, the right of the plaintiff to maintain the action even though the petition sets forth a cause and, in support of this exception, the defendant has the right to introduce evidence even before the trial of the case on the merits. Needless to say, the defendant can urge, in support of its exception of no right of action, any fact disclosed by the record and not inconsistent with the defendant's pleadings.
The substance of the defendant's argument in support of its exception of no right of action in this case is that since Willie Lunkin had a common-law wife and her minor child who were wholly dependent on him for support, Lena Lunkin, whose dependency, if any, was only partial, has no right to claim compensation in view of the terms of Section 8, paragraph 2, subsection (D) of the Louisiana Workmen's Compensation Act, Act No. 242 of 1928, p. 359, which provides that in cases where there are a sufficient number of persons wholly dependent to take up the maximum compensation under the act, the persons partially dependent shall receive nothing. The defendant contends that under the decisions of the Supreme Court in the case of Archibald et al. v. Employers Liability Assurance Corporation, Ltd., et al., 202 La. 89, 11 So.2d 492, and the case of Thompson v. Vestal Lumber Mfg. Co., 208 La. 83,22 So.2d 842, Willie Lunkin's common-law wife and her minor child, who, it is claimed, were wholly dependent on him, would be entitled to the maximum compensation allowed under the act. The defendant argues that Emma Lunkin's child, although not Willie's child, would be entitled to 32 1/2 per centum of Lunkin's wages as the compensation allowed one child under Section 8, paragraph 2, subsection (E), subparagraph 4, and that Emma Lunkin, the common-law wife, would be entitled to the other 32 1/2 per centum compensation under the classification of "other dependents" as provided under subparagraph 8 of the same section.
[5] Obviously the child of Willie Lunkin's concubine could not come under the classification of "child" under subsection (E), subparagraph 4, which allows compensation of 32 1/2 per centum of wages for one child alone. Under Section 8, paragraph 2, subsection (H), it is provided that the term "child" shall cover only legitimate children, stepchildren, posthumous children, adopted children and illegitimate children which have been acknowledged. Emma Lunkin's child does not fall under any of these definitions of "child" as used in the act.
[6] Our conclusion is that any claim to compensation which Willie Lunkin's concubine and her minor child might have would necessarily be under the classification of "other dependents" under Section 8, paragraph 2, subsection (E), subparagraph 8, which provides as follows:
"If there be neither widow, widower nor child, nor dependent parent entitled to compensation, then to one brother or sister, thirty-two and one-half per centum of the wages of deceased, with eleven per centum additional for each brother or sister in excess of one. If other dependents than those enumerated,
thirty-two and one-half per centum of wages for one and eleven per centum additional for each such dependent in excess of one, subject to a maximum of sixty-five per centum of wages for all, regardless of the number of dependents." (Emphasis by the Court)
Our understanding of this portion of the Workmen's Compensation Act is that it lists dependents in the order of their right to recover compensation. For instance, a brother or sister has no right to recover compensation if there is a dependent parent. Kirby v. Crystal Oil Ref. Corporation, 11 La. App. 562, 123 So. 432. In our opinion, the statute means that if there is no widow, widower, child, parent or brother or sister entitled to claim compensation, then "other dependents" have the right to claim it. Under our interpretation, persons falling under the classification of "other dependents" have no right to claim compensation if there is a dependent parent entitled to compensation. Accordingly, it is our opinion that Lena Lunkin's right to claim compensation in this case is not affected by the fact that the deceased, Willie Lunkin, left a concubine and her minor child wholly dependent on him for support. Our conclusion *Page 216 
is that the trial judge was correct in overruling the exception of no cause of action and the exception of no right of action.
[7] The defendant's next contention is that the plaintiff failed to prove that she was married to Willie Lunkin's father, a negro named Paul Lunkin. The plaintiff testified that she and Paul Lunkin were married at McCoy, Louisiana, after having obtained a marriage license at Donaldsonville. The defendant offered the testimony and certificate of a deputy clerk of court for Ascension Parish that there was no record of such a marriage in the clerk's office at Donaldsonville. However our impression gained from such testimony as there is in the record on this issue is that Lena Lunkin and Paul Lunkin were always regarded as husband and wife by the people who knew them. They appear to have lived together as man and wife until Paul Lunkin's death. Under these circumstances, the presumption is that Lena and Paul Lunkin were married. Cameron v. Rowland,208 La. 663, 23 So.2d 283. In our opinion, the evidence offered by the defendant, being of a purely negative character, is insufficient to overcome the presumption of marriage.
[8, 9] The defendant further contends that Lena Lunkin has failed to prove that she was dependent on the deceased for support. The evidence indicates that the deceased was supporting his concubine and her child at the time of his death and the defendant argues that he could not have supported Lena Lunkin in addition to Emma and her child on the small amount he earned. The plaintiff and her son, Cornelius, testified that the deceased made contributions to the support of his mother in the form of groceries, clothes and occasional cash money. These contributions appear to have been fairly frequent although it is admitted by the plaintiff that the deceased was not able to give her very much at a time. The testimony of the plaintiff and her son as to the contributions to her support made by the deceased is not contradicted. In the case of Dudley v. Martin, La. App., 4 So.2d 102, 103 wherein the facts were very similar to the facts of the present case, this Court held that the plaintiff had made out a case of partial dependency. Moreover, the trial judge who heard the testimony of the witnesses in the present case, found that the plaintiff was partially dependent on Willie Lunkin for support at the time of his death. The issue of dependency in this case involves purely a question of fact and the decision of the trial judge thereon is entitled to great weight. We are not prepared to say that the decision of the trial judge on the issue of dependency is manifestly erroneous.
[10] After reaching the decision that Lena Lunkin was partially dependent on the deceased, Willie Lunkin, the trial court awarded her 32 1/2 per centum of his weekly wages for a period of 300 weeks. In this respect, the judgment of the trial judge is erroneous. There is no proof whatever in the record of any regular or definite amounts contributed to the support of the plaintiff by the deceased and, in the absence of such proof, the minimum weekly compensation of $3 as fixed by subsection 3 of section 8 of the compensation act should have been awarded. Dudley v. Martin, supra.
For the reasons stated, it is now ordered that the judgment appealed from be amended so as to fix the compensation due the plaintiff by the defendant at the sum of three dollars per week for a period of 300 weeks, and, as amended, the judgment is affirmed. All costs are to be paid by the appellant.
Le BLANC, J., not participating, having recused himself.