121 So.2d 752 (1960)
Albert Irving CLARK, M.D., Plaintiff-Appellant,
v.
PHYSICIANS AND SURGEONS HOSPITAL, INC., et al., Defendants-Appellees.
No. 9214.
Court of Appeal of Louisiana, Second Circuit.
June 22, 1960.
Rehearing Denied July 18, 1960.
*753 Love & Rigby, Lee & Tayor, Shreveport, for appellant.
Bullock & Bullock, Shreveport, for appellees.
HARDY, Judge.
Plaintiff, a practicing physician, resident of the City of Shreveport, instituted this action seeking judgment recognizing his right to treat his patients in the defendant hospital; ordering his admission to the Visiting Staff of the said hospital, and finally, for injunctive relief against defendant restraining any interference with consultation and treatment of plaintiff's patients in the hospital. Defendant filed exceptions of no right and no cause of action. Plaintiff had prosecuted this appeal from judgment sustaining the exception of no cause of action and dismissing his suit.
Proceeding to an examination of plaintiff's petition in the light of the principle that well-pleaded allegations of fact, together with recitals of annexed documents, are required to be accepted as true, we have attempted to reduce the unnecessarily detailed and superfluous recitals thereof to allegations which have direct bearing upon the exception. Plaintiff has alleged that the defendant corporation, Physicians & Surgeons Hospital, is operated by a Board of Directors which through its agents and employees and a voluntary association known as the Visiting Staff
"* * * control and dictates hospital and administrative policy, including which doctors shall and shall not be permitted to treat patients in the said hospital."
Plaintiff further alleged that the bylaws of the defendant corporation, in addition to the Visiting Staff, provide for recognition of what is known as a Courtesy Staff, and that said by-laws contain the following specific provision:
"Nothing in the by-laws shall be construed to mean that any physician who is a member and in good standing of the Shreveport Medical Society can be prevented from visiting and treating patients in the P & S Hospital although that physician may not be an active member of the staff of said hospital."
*754 The photostatic copy of the by-laws and regulations of the defendant hospital attached to plaintiff's petition evidences the provisions above quoted under Section 3 of Article IV of said document. Plaintiff further alleged that he was a member in good standing of the Shreveport Medical Society.
In his written opinion the district judge correctly concluded that private hospitals have the right to exclude licensed physicians from the use of the hospital, citing 26 American Jurisprudence, verbo "Hospitals and Asylums," Section 9, page 592. In his opinion on application for rehearing the learned judge further noted the well-recognized principle that membership in a voluntary organization is under the complete control of the constituted authorities thereof, citing 7 C.J.S. verbo Associations § 23, p. 56.
Although this action appears to present a case of first impression in Louisiana, we can conceive of no reason why the principles above noted should not be accepted and followed by our courts, and it follows that we are in complete accord with the conclusions of the district judge on this point.
However, as we have above noted, the exception of no cause of action must be determined solely upon the basis of the factual allegations of plaintiff's petition and the recitals of annexed documents. Under the provisions of defendant's bylaws, which have been quoted supra, we think plaintiff's petition states a cause of action, which, in the absence of controverting evidence, would entitle him to the right of examination and treatment of his patients who have been admitted to the defendant institution. It is true that the record contains a document which appears to be an amendment to this particular section of the by-laws, but the recitals of this document cannot be accepted inasmuch as the disposition of the exception is dependent solely upon the facts set forth in the petition. It follows that action taken by the defendant, subsequent to the institution of plaintiff's suit, involves matters of proof which address themselves to the merits.
For the reasons set forth, we are of the opinion that the judgment sustaining the exception of no cause of action insofar as it prejudiced plaintiff's right to examine and treat his patients was erroneous and the judgment accordingly is annulled and set aside and the cause is remanded to the Honorable First Judicial District Court in and for Caddo Parish for further proceedings consistent with this opinion. Costs of this appeal are taxed against defendantappellee, and it is ordered that all other costs shall await final determination.