131 So.2d 144 (1961)
Albert Irving CLARK, M. D., Plaintiff-Appellant,
v.
PHYSICIANS AND SURGEONS HOSPITAL, INC., et al., Defendants-Appellees.
No. 9503.
Court of Appeal of Louisiana, Second Circuit.
June 1, 1961.
Rehearing Denied June 22, 1961.
Love & Rigby, Lee & Taylor, Shreveport, for appellant.
Bullock & Bullock, Shreveport, for appellee.
Before HARDY, GLADNEY and BOLIN, JJ.
BOLIN, Judge.
Dr. Albert Irving Clark, a practicing physician of Shreveport, Louisiana, brought a suit against the defendant hospital seeking a judgment recognizing his right to use the institution for the treatment of his patients. When the case was initially heard in the lower court, the defendant filed exceptions of no cause of action and no right of action. The exception of no right of action was overruled but the exception of no cause of action was sustained. This ruling was reversed on an appeal to this court (1960, 121 So.2d 752,) and the case was remanded for trial on the merits. After the remand, but prior to a trial on the merits, the defendants again filed an exception of no right of action and had same set for trial, at which time evidence was introduced and the exception was sustained. From the judgment sustaining the exception of no right of action, the plaintiff has appealed.
The facts and background of this controversy are fully set forth in our former opinion, and we do not deem it necessary to restate them in detail. Suffice it to say, that the defendant hospital is a private corporation organized for the primary purpose *145 of use in the treatment and care of the sick. In furtherance of this purpose, it was necessary that certain rules, regulations and by-laws be adopted for its operation; and that such rules set forth in detail the prerequisites for the use of such facilities by physicians. The plaintiff was denied the use of the hospital and he instigated the present litigation in an effort to force the defendant to allow him to use same.
As pointed out in our previous opinion, the defendant hospital, as a private corporation, clearly has the right to adopt rules and regulations for its administration, including the right to exclude its use by licensed physicians for any cause it deems necessary. Our original opinion overruling the exception of no cause of action was based upon a provision of the by-laws, which was attached to the original petition, providing generally that any physician who was a member of the Shreveport Medical Society, could not be prevented from treating his patients in the hospital. After the case was remanded to the lower court, this provision was removed from the by-laws. As the rules and regulations now exist, the plaintiff clearly is unauthorized to use the facilities of the defendant hospital. The rules as thus amended were introduced into evidence in the lower court, over plaintiff's objection, during the trial of the exception of no right of action. The basis of the objection was that the exception in reality was one of no cause of action, and evidence was improperly admitted thereunder. We feel the district judge correctly disposed of this contention in his very excellent written opinion wherein he stated:
"It is true, in the general sense, that an exception of no right of action is leveled at the capacity of the party bringing the suit to assert the cause of action sued upon.
"A cause of action is the happening of certain events, transactions, actions, etc., leading up to a result, granting a person the right to bring an action for relief. A right of action springs from the cause of action, and relates to the right to maintain an action; that is to say, can the present plaintiff maintain an action on the causes set out in his petition?
"According to the law, private hospitals have the right to regulate who may treat patients in said hospitals, and since plaintiff filed the present suit, the visiting staff and the hospital have adopted rules and regulations depriving plaintiff of his right of action, although his cause of action may still exist.
"We might illustrate our thinking in this wise: A minor may have been injured and have a cause of action for recovery of damages. A tutor is appointed and filed the suit. The minor, if over eighteen years of age and marries, is emancipated. The tutor, under the law, would then be deprived of the "right" to continue the suit. The defendant could file an exception of no right of action, take evidence that the minor had been emancipated, and upon this showing the court would sustain the exception to plaintiff's right to maintain the action. Here, defendant has followed the same procedure and has shown that the "right" claimed by plaintiff in his original suit has been withdrawn by the visiting staff and the hospital. Thus, in effect, under the laws cited by the Court of Appeal, the right to interfere in the management and operation of the Physicians & Surgeons Hospital has been with-drawn from plaintiff, hence he does not have the right to maintain the present suit."
Counsel for the appellant has correctly stated in his brief filed before this court that the sole issue on appeal is the correctness of the above ruling. The appellant contends the exception of no right of action is based upon the want of interest *146 or capacity of the plaintiff, and its function is primarily to raise the question of whether a remedy afforded under the by-laws could be invoked by plaintiff, whereas the exception of no cause of action relates generally to the action itself and its function is to raise the general issue as to whether any remedy is afforded by law to the plaintiff. In support of this contention, we have been cited to the following cases: Maggio v. State Farm Mutual Insurance Company, La.App. 1 Cir., 1958, 102 So.2d 505; Rapides Grocery Co. v. Vann, 1956, 230 La. 829, 89 So.2d 359; Clark v. Physicians and Surgeons Hospital, Inc., La.App. 2 Cir., 1960, 121 So.2d 752.
The problem of making a clear cut distinction between the two exceptions has confronted our courts on numerous occasions in the past. We must confess that a study of all such cases would perhaps leave some doubt in borderline factual cases. Professor Henry George McMahon is the author of an excellent article in Tulane Law Review, Vol. 9, page 17, entitled "The Exception of No Cause of Action in Louisiana." A portion of this article is devoted to the discussion of the difference between the exception of no cause of action and no right of action. The concluding paragraph thereof, devoted exclusively to the problem under discussion, is as follows:
"From the foregoing illustrations we may readily discern the distinction in the respective functions of the exception of no cause of action and that of no right of action. The former is used to raise the issue as to whether the law affords a remedy to anyone for the particular grievance alleged by plaintiff; the latter is employed (in cases where the law affords a remedy) to raise the question as to whether plaintiff belongs to the particular class in whose exclusive favor the law extends the remedy, or to raise the issue as to whether plaintiff has the right to invoke a remedy which the law extends only conditionally."
We are of the opinion that the above quotation is a correct statement of the law. The same general rule has been enunciated in the following cases: McCain v. Le Blanc Bros., La.App. 1 Cir., 1942, 10 So.2d 116; Lunkin v. Triangle Farms, La.App. 1 Cir., 1945, 24 So.2d 213; Termini v. McCormick, 1945, 208 La. 221, 23 So.2d 52; Brooks v. Smith, La.App. 2 Cir., 1948, 35 So.2d 613.
Applying the above rule to the facts of the instant case, we feel the judgment of the lower court was correct in concluding the exception in question was one of no right of action and permitting the introduction of evidence thereunder. An examination of the pleadings, and particularly the revised by-laws, reveals numerous doctors were guaranteed use of the hospital. These physicians would have had a perfect right to bring an action for the recognition of their rights, but such a right as to this particular plaintiff was withdrawn when the by-laws were amended. Inasmuch as the petition stated a cause of action against the defendant hospital, but the plaintiff was not the proper party entitled to such relief, the proper pleading was an exception of no right of action.
The judgment of the lower court sustaining the exception of no right of action is accordingly affirmed at appellant's costs.
Affirmed.