LANDRY, Judge.
Plaintiff, Clarence Willis, takes this appeal from the judgment of the trial court dismissing his claim in tort against the Parish of St. Mary and the Police Jury of St. Mary Parish, admittedly a single defendant, upon said defendant’s exceptions of no right and no cause of action. We find that the lower court erred in dismissing appellant’s suit against the above named defendant.
In essence plaintiff’s petition alleges that on December 9, 1964, he was involved in an accident in which he sustained a fracture of his right tibia and fibula. He also asserts that on April 26, 1965, while still on crutches and recuperating from the effects of his former mishap, the tip of his crutch went through a drainage grating on U. S. Highway 90 in the Town of Baldwin, St. Mary Parish, causing him to fall and refracture his injured leg. Plaintiff further avers that the drainage grating was covered with debris and therefore undetectable.
In his initial petition, plaintiff named the following parties defendants: (1) The State of Louisiana, through the Louisiana Department of Highways, which let the contract for the construction of the highway project in question; (2) Domingue, Szabo & Associates, the engineering firm that planned and supervised construction of the roadway; (3) J. B. Talley and Company, the contractor who performed the work; (4) the Town of Baldwin (Baldwin) in which municipality the accident happened; (5) The Continental Insurance Company, as liability insurer of Domingue; and (6) American Employers Insurance Company, Baldwin’s insurer.
The gravamen of plaintiff’s complaint is that all defendants were responsible for and negligent in the design, installation, construction, maintenance and upkeep of the drainage grating in question which facility had recently been installed as part of a highway construction and improvement program.
By supplemental and amended petition filed January 16, 1967, plaintiff impleaded the Parish of St. Mary and the Police Jury of St. Mary Parish as defendant. .For a cause of action against said Parish or Police Jury, plaintiff alleged said defendant, together with the Town of Baldwin, was responsible for the upkeep and maintenance of that portion of U. S. Highway 90 within Baldwin’s municipal limits and was negligent in the discharge of said obligation. Lastly, plaintiff alleged that sovereign immunity and prescription has been legislatively waived as regards Baldwin, the Parish and Police Jury.
The exceptions of no right and no cause of action filed on behalf of defendant Parish and Police Jury assert said defendant’s lack of jurisdiction, control, supervision or responsibility for the maintenance or upkeep for that portion of U. S. Highway 90 on which the accident occurred. These exceptions (along with certain others filed on behalf of the remaining defendants) were heard on April 24, 1967. The exceptions of no right and no cause of action filed by the Parish and Police Jury were sustained while all others were overruled. Plaintiff has appealed that portion of the judgment sustaining the exceptions noted. The Parish and Police Jury have neither answered the appeal, filed a brief herein nor made any appearance before this Court.
Appellant assigns error on the part of the trial court in failing to overrule the exceptions in question: In so contending, appellant argues that the allegations of the petition, which must be taken as true for the purpose of deciding the exceptions, state a cause and right of action against the Parish and Police Jury in tort.
*557 The trial court did not favor us with written reasons for judgment. Consequently we are not aware of the grounds on which the exceptions were sustained. We find, however, that in any event the exceptions must be overruled and the judgment of the trial court reversed.
It is settled law that the exception of no right of action raises the question of whether plaintiff has an interest in the subject matter of the litigation. Stated otherwise, the exception of no right of action is available to determine whether, -in cases where the law affords legal remedy for the grievance alleged, plaintiff belongs to the particular class to whom the remedy extends, or to raise the issue whether plaintiff has the right to invoke a remedy which the law extends conditionally. LeSage v. Union Producing Co., 249 La. 42, 184 So.2d 727; Clark v. Physicians and Surgeons Hospital, Inc., La.App., 131 So.2d 144. There can be no doubt that plaintiff is afforded the right to sue in tort for injuries allegedly inflicted by the negligent conduct of others. LSA-C.C. Article 2315.
Consequently, if the trial court sustained defendant’s exceptions of no right of action on the ground that plaintiff did not fall within the classification of persons entitled to seek recompense for negligently inflicted personal injuries, the lower court erred.
It is equally well established that the exception of no cause of action raises the issue whether the law affords a remedy to anyone for the complaint advanced by plaintiff. Stated otherwise, the purpose of such an exception is to determine whether, as a matter of law, plaintiff has stated a justiciable cause against the defendant. Clark v. Physicians and Surgeons Hospital, Inc., supra, and authorities therein cited.
An exception of no cause of action must be determined upon the face of plaintiff’s petition and in the trial thereof all well pleaded allegations of the petition must be accepted as true. Elliott v. Dupuy, 242 La. 173, 135 So.2d 54. Evidence dehors plaintiff’s petition is not admissible on trial of an exception of no cause of action. Lunkin v. Triangle Farms, La.App., 24 So.2d 213.
Therefore, for purposes of deciding defendant’s exception of no cause of action, we must accept as true plaintiff’s allegation that the defendant was responsible for the maintenance and upkeep of the si-tus of the alleged accident. That the Parish and Police Jury may establish the contrary by credible evidence adduced on trial of the cause is a matter of no moment considering the content of plaintiff’s petition herein. In view of the pleadings, the alleged lack of obligation on the part of the Parish and Police Jury to maintain the highway in question becomes a matter of affirmative defense which may be plead only by way of answer. Robertson v. Palmer, La.App., 55 So.2d 68; Hanno v. Motor Freight Lines, Inc., 17 La.App. 62, 134 So. 317.
For the foregoing reasons, it is ordered, adjudged and decreed that the judgment of the trial court sustaining the exceptions of no right and no cause of action filed on behalf of the Parish of St. Mary and the Police Jury of St. Mary Parish be and the same is hereby reversed, annulled and set aside and judgment rendered herein dismissing and overruling said exceptions.
It is further ordered, adjudged and decreed that this matter be remanded to the trial court for further proceedings consistent with the views herein expressed; defendant, the Parish of St. Mary and the Police Jury of St. Mary Parish, to pay those costs of this appeal for which they may be legally cast.
Reversed and remanded.