LOTTINGER, Judge.
This is a suit by former employees of the defendant, Copolymer Rubber and Chemical Corporation, for recovery from a pension plan, managed and maintained by the defendant. The defendant filed “peremptory exceptions of no cause or right of action” on the grounds that under the pension plan, the petitioners had not attained the minimum age nor the minimum amount of service to have any rights or interest in or to any portion of funds in the pension plan. The Trial Court sustained the exception and dismissed the suit. From this judgment the plaintiffs have appealed.
The Trial Judge did not favor us with written reasons for judgment, and *354 therefore we do not know which exception he sustained, or whether he sustained both. Though the defendant filed an exception of “no cause or right of action”, in truth and in fact, these are two separate and distinct exceptions, one being no cause, and the other being no right. LSA-C.C.P. Art. 931 provides that “no evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action.” The exception of no cause of action must be decided upon the face of the pleadings, and all well pleaded allegations thereof must be taken and accepted as true. Willis v. State, 212 So.2d 555 (La.App. 1st Cir. 1968); Rapides Grocery Company v. Vann, 84 So.2d 831 (La.App. 2d Cir. 1956), reversed on other grounds, 230 La. 829, 89 So.2d 359; Lunkin v. Triangle Farms, 24 So.2d 213 (La. App. 1st Cir.1945).
We have studied the petition filed by the plaintiffs wherein they alleged that they had been employed by the defendant, that they were third party beneficiaries of contracts concerned with wages, hours, and working conditions, and that a part of these contracts was the provision for a pension plan, that the contracts provided for the payment of this pension fund on retirement or termination, and that defendant refused to pay on the termination of the employment of the plaintiffs. On the face of the pleadings we cannot see how the Trial Judge could have sustained the exception of no cause of action, and therefore, conclude he sustained the exception of no right of action.
The difference or distinction between the exception of “no right of action, or no interest in the plaintiff to institute the suit”, and the exception of “no cause of action” has been before this Court many times before. The distinction between these two exceptions is most deceiving to many lawyers and judges alike.
In Vegas v. Cheramie, 69 So.2d 66, 67 (La.App. 1st Cir.1953), an action to have a judgment which fixed boundaries declared null and void on the grounds that the surveyor had not given legal notice of his action in establishing boundaries, the defendant having filed exceptions of no cause of action and no right of action, which were sustained after testimony of the surveyor was entered, we held:
“While we agree that it is proper to hear testimony on an exception of no right of action, see Waterhouse v. Star Land Co., 139 La. 177, 71 So. 358, we do not believe that defendants’ exception in the instant case can properly be construed as one of no right of action so as to admit of evidence on the trial thereof. While we recognize that it is common practice in the State of Louisiana to combine exceptions of no right and no cause of action, the fact remains that there is a decided difference between the two. This difference has perhaps been best explained by Professor Henry G. McMahon in 11 Tulane L.R. 527, 532 and 533 as follows :
“ ‘There is no doubt that in a number of cases the plaintiff’s lack of interest in the litigation has been raised through the medium of the exception of no cause of action. But despite the fact that the latter has been employed successfully in a number of cases where no question was raised as to its applicability, a difference between the respective functions of these two exceptions obtains in modern Louisiana procedure. This distinction has been pointed out by the writer elsewhere, when it was said, in stating the difference of function between the exception of no cause of action and that of no right of action, that:
“ ‘ “The former is used to raise the issue as to whether the law affords a remedy to anyone for the particular grievance alleged by plaintiff; the latter is employed (in cases where the law affords a remedy) to raise the question as to whether plaintiff belongs to the particular class in whose exclusive favor the law extends the remedy, or to raise the *355 issue as to whether plaintiff has the right to invoke a remedy which the law extends only conditionally.”
“ ‘From the writer’s opinion that the only difference between the exception of no right of action and want of interest is in name, it would follow that the distinction noted above likewise obtains between the exceptions of no cause of action and want of interest. The functions of the former is to raise the general issue as to whether any remedy is afforded by the law; that of the latter is to raise the question of whether a remedy afforded by the law can be invoked by a particular plaintiff. The former relates generally to the action; the latter, specifically to the person of the plaintiff.’ (Emphasis ours)”
Similarly, we held in Maryland Casualty Co. v. Gulf Refining Co., 95 So.2d 734, 738 (La.App. 1st Cir.1957):
“The defense is not that * * * plaintiff, * * *, has no legal right to institute the suit; it is that they have no legal right to recover, i. e., no cause of action: the former type of defense raising questions of interest or capacity to institute the suit, is alone triable by exception of no right of action in limine li-tis; the latter, raising questions of whether legal recovery can be had by one given legal standing or right to institute the action, is subject to an exception of no cause of action if it can be determined on the face of the pleadings, but if evidence is necessary is triable on the merits along with the other factual defenses to plaintiff’s claim.
“As we stated in Leteff v. Maryland Casualty Co., La.App., 82 So.2d 80, at page 83, ‘Our inquiry herein therefore is not directed to the person or capacity of the plaintiff, but to whether or not under these facts any one had a cause of action. Thus defendant questions not plaintiff’s right of action, but his cause of action. Plaintiff’s objection to admission of any testimony should have been sustained, and defendant’s exceptions of no right and cause of action should have been overruled.’ ”
More recently in Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3rd Cir.1967, which was a suit for personal injuries by the plaintiffs while riding in a motor vehicle driven by the defendant Rudisill, the plaintiffs sued him and two other defendants for damages resulting from an accident allegedly caused by negligence for which those defendants were liable. The Trial Court sustained peremptory exemptions of no cause or right of action. In sustaining the exceptions, the Trial Court held that certain form “releases” executed by the plaintiffs constituted a compromise or voluntary remission which extinguished or barred suit upon the plaintiffs’ claim. The plaintiffs appealed and the Court of Appeal overruled the peremptory exceptions, reversed the Trial Court and remanded the case. The Court of Appeal posed this question, “Can the defense that an obligation has been extinguished by a voluntary release be raised by a peremptory exception triable in limine, or instead must it be urged by answer as an affirmative defense to be proved at the trial on the merits?”. Judge Tate, as the organ of the Court, and who was also the organ of the Court in the Maryland Casualty Co. case, supra, stated:
“The essential function of this exception is to provide a threshold device for terminating a suit brought by one without legal interest to assert it. Reporter’s Comment (b) 5, LSA-CCP. art. 927; Waterhouse v. Star Land Co., 139 La. 177, 71 So. 358; McMahon, Parties Litigant in Louisiana, 11 Tul.L.Rev. 527, 528-32 (1937); McMahon, The Exception of No Cause of Action in Louisiana, 9 Tul. L.Rev. 17, 29-31 (1934). As these authorities note, evidence is admissible on the in limine trial of this exception in order to support or controvert any of the objections pleaded by it. See also LSA-CCP Art. 931.
*356 “However, the exception of no right of action is not available to urge a defense to the effect that the plaintiff is without interest simply because the defendants have a defense to the plaintiff’s action. Wischer v. Madison Realty Co., 231 La. 704, 92 So.2d 589; Termini v. McCormick, 208 La. 221, 23 So.2d 52. For instance, in Wischer the Supreme Court reversed the lower courts and held that the defendants could not by this exception introduce a compromise and quitclaim agreement executed by the plaintiff in favor of the defendants, in order to prove that he lacked interest or right to file suit in question.
“The want of interest raised by the exception relates primarily to whether the particular plaintiff falls as a matter of law within the general class in whose favor the law grants the cause of action sought to be asserted by the suit, with the factual evidence admissible being restricted as to whether this particular plaintiff does or does not fall within the general class having legal interest to sue upon the cause of action asserted. Wischer v. Madison Realty Co., 231 La. 704, 92 So.2d 589; Maryland Casualty Co. v. Gulf Refining Co., La.App. 1 Cir., 95 So.2d 734. The exception may also be used to raise the plaintiff’s want of interest because of his prior transfer or quitclaim to a third person of his right to assert against the defendant the cause of action sued upon. Ritsch Alluvial Land Co. v. Adema, 211 La. 675, 30 So. 2d 753; Younger v. American Radiator and Standard Sanitary Corp., La.App. 3 Cir., 193 So.2d 798.
“In short, the objection of no right of action raises the question of whether the plaintiff has a legal interest in the subject matter of the litigation, assuming (for purposes of deciding the exception) that a valid cause of action is pleaded by the petition. LeSage v. Union Producing Co., 249 La. 42,184 So.2d 727.
“Applying these principles, the plaintiffs, upon their allegations of injury through negligence for which the defendants are responsible, have alleged an interest, a right of action in their favor. The defendants have sought to introduce no admissible evidence to show that the plaintiffs do not as a matter of law possess the legal interest to file suit in tort against the defendants. In this regard, it is immaterial that, as a matter of defense of fact, the defendants may be able to defeat the plaintiffs’ cause of action because of lack of negligence or because of the plaintiffs’ voluntary remission of the obligation arising from any such negligence.” (Emphasis ours)
It can therefore be plainly seen from the above, that conceding for the sake of argument the plaintiffs do not have sufficient years of age or term of employment to have any rights under the alleged pension plan of the defendants, this is not the basis for an exception of no right of action, though it may be a defense on the merits. We feel this is best stated in the Bielkiwicz case, supra, wherein it is stated that “the exception of no right of action is not available to urge a defense to the effect that the plaintiff is without interest simply because the defendants have a defense to the plaintiff’s action.” We are of the opinion that since these plaintiffs alleged that they were former employees of the defendant and that they were third party beneficiaries of contracts concerned with a pension plan for said employees and that they are entitled to some benefits under said plan and that the defendant has refused their demand, that these plaintiffs have a right of action and a legal interest in the subject matter of the litigation.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is reversed and remanded. All costs to be paid by defendant-appellee.
Judgment reversed and remanded.