LOTTINGER, Judge.
This is an action to have a sale of real estate set aside, and in the alternative to recover damages for the fraudulent transfer of certain real estate. From a judgment sustaining an exception of no right nor cause of action, the plaintiff has appealed.
The record points out that on August 31, 1963, Philip J. Saragusa and Sam Dipaola entered into the following agreement, to-wit:
“BE IT KNOWN by these presents that Philip J. Saragusa and Sam Dipaola do hereby voluntarily dissolve the partnership existing between them known as Independence Sand & Gravel Company;
That the said Philip J. Saragusa has sold all of his undivided right, title and interest in and to the assets of the said company for the price and sum of $12,-900.00; that in effecting the said sale, the land was appraised at and sold to Sam Dipaola for $7,000.00 (of which $3,-500.00 was paid to the said Philip J. Saragusa).
Accordingly, it is agreed between the parties that after the said Sam Dipaola discontinues his sand & gravel operations on the said real property, the said property will be sold; and should more than $7,000.00 be realized from the sale of the said property alone, less all expenses of sale, the excess received therefrom shall be distributed equally between the said Sam Dipaola and Philip J. Saragusa.
The property involved is a tract of land comprising eighty-one (81) acres, more or less, situated in Section 40, T5SR7E., Tangipahoa Parish, State of Louisiana, acquired by the parties herein in COB 213, page 544.
“THUS DONE AND SIGNED in the presence of me, Notary, and the undersigned competent witnesses on this 31st day of August, 1963.
WITNESSES:
/s/ Mildred D. Lupe
/s/ Matilda B. Patanella
/s/ Philip J. Saragusa Philip J. Saragusa
/s/ Sam Dipaola Sam Dipaola
/s/ Joseph D. Lupo Joseph D. Lupo, Notary Public”
*402 On the same date, Philip J. Saragusa transferred to Sam Dipaola all of his undivided rights, title and interest in and to the property in dispute. He reserved his portion of the mineral rights excluding the dirt, sand and gravel. The recited consideration was $3,500.00.
On April 12, 1969, Sam Dipaola sold to Ludwig Bandaries, Jr., the property in dispute. In this sale all minerals, including the right of ingress and egress to remove sand and gravel was reserved for a period of ten years. The consideration recited was $6,500.00.
Saragusa contends that he either had a purchaser ready and willing, or that Saragusa individually, was ready and willing to pay $165.00 per acre for the property, and the defendant, Dipaola, was informed of this. J.f the property was sold for $165.00 an acre, a total price of $13,365.00 would be realized, or a profit to Saragusa under the agreement of $3,182.50. It is further contended that the agreement between Saragusa and Dipaola dissolving their partnership was recorded.
Saragusa contends that Bandaries, the purchaser of the property, either knew or had constructive knowledge by reason of the recordation of the agreement standing against the property that the sale from Dipaola to Bandaries was an act of violation and violative of the agreement. The plaintiff therefore contends that the defendants in concert acted together to tortiously deprive the plaintiff of the profits that he could realize from the property. To this petition the defendants filed an exception of no cause nor right of action. The plaintiff’s petition reads as follows:
-1-
“That Sam Dipaola is of the lawful age of majority and is a resident of the Parish of Tangipahoa, State of Louisiana and is hereinafter referred to as defendant.
-2-
That Ludwig Bandaries, Jr., is of the lawful age of majority, a resident of the Parish of Tangipahoa, State of Louisiana and is hereinafter sometimes referred to as defendant.
-3-
Your petitioner shows that he is entitled to have the sale from Sam Dipaola to Ludwig Bandaries, Jr. set aside, annulled and avoided. That the sale of the property is contrary to and in contravention to one certain agreement authentic in form prepared August 31, 1963 and made part hereof as plaintiff’s exhibit no. 1.
-4-
Your petitioner shows that by virtue of said agreement that he is entitled to half of all sums over $7,000.00 realized from the sale of the property in question, consisting of the following property:
‘Eight-one acres more or less, situated in Section 4 T 5 S R 7 E Tangipahoa Parish, State of Louisiana acquired by the parties herein by deed of record in conveyance book 213 page 544 of the records of the Parish of Tangipahoa, State of Louisiana’
-5-
Your petitioner shows that the defendant purchaser of the property knew or had constructive knowledge by reason of the recordation of the agreement standing against the property and that therefore any sale between Sam Dipaola and the defendant was an act of violation and was violative of the agreement hence null and void.
-6-
Your petitioner verily believes and therefore alleges that the property in question is reasonably valued at the sum of $165.00 per acre and that he will purchase and/or has a purchaser ready and willing to pay the sum of $165.00 per acre for the property, to the knowledge of the defendant, Sam Dipaola and that after your petitioner contacted the defendant, Sam *403 Dipaola telling him that he would buy and/or had a buyer who would pay the sum of $165.00 per acre for the property the said Sam Dipaola turned around and sold it to the defendant Ludwig Band-aries, Jr., for the sum of $6500.00 and that therefore the defendant has been defrauded and/or cheated out of the difference by half between $7,000.00 and $165.00 per acre price or the sum of $13,365.00, which would net to him the sum of $3,131.67, under the following computation.
-7-
Plaintiff would purchase or had a purchaser ready and willing to pay the sum of $165.00 for 81 acres or a total of $13,-365.00 of which sum under the terms of the agreement petitioner was to receive one-half of all sums over $7,000.00 or one-half of the excess of $6,365.00 or $3,131.67 net.
-8-
Alternatively, if and in the event the plaintiff is not entitled to have this sale annuled, recinded and set aside, then and in that event that he is entitled to have a judgment against the defendants insólido for the sum of $3,131.67 for their violation of the contract and by their acting in combination to defraud and defeat petitioner in the realization of the proper sale for the current market value of the property in accordance with the terms of the agreement.
-9-
Your petitioner shows that the defendants acting together in concert did by their tortous acts designed to injure, destroy the right to collect and/or damage petitioner in the sum of $3,131.67 and for which petitioner is entitled to recover insólido.
-10-
Petitioner files a notice of lis penders herewith in this action for the purpose of staying all proceedings regarding the sale or placing in commerce of the property in question save and until his interest is determined and that any transaction involving this property shall be subject to petitioners claim for interest thereon and/or damages.
-11-
Petitioner shows that he is entitled to recover reasonable attorney’s fees of $1,000.00 for the institution of this action, showing that the defendants acting together in concert to damage him and cause him damages; that part of his additional and incidental damages are the employment of an attorney for the purpose of representinng him to proceed to collect damages under the terms of the contract or ex delicto.”
The Trial Court sustained this exception and dismissed plaintiff’s suit. The Trial Judge did not favor us with written reasons for judgment, and therefore, we do not know which exception was sustained.
In Willis v. State, 212 So.2d 555 (La. App. 1st Cir. 1968) Judge Landry of this Court very adequately discussed the law pertaining to the exceptions of no right and no cause of action, at Page 557, as follows:
“It is settled law that the exception of no right of action raises the question of whether plaintiff has an interest in the subject matter of the litigation. Stated otherwise, the exception of no right of action is available to determine whether, in cases where the law affords legal remedy for the grievance alleged, plaintiff belongs to the particular class to whom the remedy extends, or to raise the issue whether plaintiff has the right to invoke a remedy which the law extends conditionally. LeSage v. Union Producing Co., 249 La. 42, 184 So.2d 727; Clark v. Physicians and Surgeons Hospital, Inc., La.App., 131 So.2d 144. There can be no doubt that plaintiff is afforded the right to sue in tort for injuries allegedly inflicted by the negligent *404 conduct of others. L.S.A.-C.C. Article 2315.
Consequently, if the trial court sustained defendant’s exceptions of no right of action on the ground that plaintiff did not fall within the classification of persons entitled to seek recompense for negligently inflicted personal injuries, the lower court erred.
It is equally well established that the exception of no cause of action raises the issue whether the law affords a remedy to anyone for the complaint advanced by plaintiff. Stated otherwise, the purpose of such an exception is to determine whether, as a matter of law, plaintiff has stated a justiciable cause against the defendant. Clark v. Physicians and Surgeons Hospital, Inc., supra, and authorities therein cited.
An exception of no cause of action must be determined upon the face of plaintiff’s petition and in the trial thereof all well pleaded allegations of the petition must be accepted as true. Elliott v. Dupuy, 242 La. 173, 135 So.2d 54. Evidence dehors plaintiff’s petition is not admissible on trial of an exception of no cause of action. Lunkin v. Triangle Farms, La.App., 24 So.2d 213.
“Therefore, for purposes of deciding defendant’s exception of no cause of action, we must accept as true plaintiff’s allegation that the defendant was responsible for the maintenance and upkeep of the situs of the alleged accident.”
The plaintiff in the instant proceeding certainly has a right of action against the defendants. As to the cause of action, and taking into consideration all of the allegations made, we are of the opinion that the plaintiff has stated a cause of action against both defendants. Therefore, for the above and foregoing reasons, it is ordered, adjudged and decreed that the judgment of the Trial Court sustaining the exceptions of no right and no cause of action be and the same is hereby reversed, annulled and set aside and judgment be rendered herein dismissing and overruling said exceptions.
It is further ordered, adjudged and decreed that this matter be remanded to the Trial Court for further proceedings consistent with the views herein expressed. All costs of this appeal to be paid by the defendant.
Judgment reversed and remanded.