333 So.2d 765 (1976)
ECONOMY CARPETS MANUFACTURERS AND DISTRIBUTORS, INC.
v.
BETTER BUSINESS BUREAU OF BATON ROUGE, INC.
No. 10685.
Court of Appeal of Louisiana, First Circuit.
April 12, 1976.
Rehearing Denied May 28, 1976.
Writ Refused July 2, 1976.
*766 Bart Eaton, D. Bert Garraway, Baton Rouge, for Economy Carpets.
Maurice J. Wilson, Breazeale, Sachse & Wilson, Baton Rouge, for defendants-appellees.
Donald T. W. Phelps, Baton Rouge, for exceptors, Breazeale, Sachse & Wilson.
Before ELLIS, BLANCHE and LOTTINGER, J.
ELLIS, Judge.
Plaintiff Economy Carpets Manufacturers and Distributors, Inc. brings this appeal from a judgment sustaining an exception of not cause of action filed by defendant Breazeale, Sachse and Wilson, a profession law partnership, and dismissing the suit as to that defendant.
This suit was originally filed against the Better Business Bureau of Baton Rouge, Inc. for damages arising out of an alleged conspiracy to restrain trade or commerce in violation of R.S. 51:121 et seq. By a third supplemental petition, Breazeale, Sachse and Wilson was named a defendant. An exception of no cause of action was filed and sustained, and plaintiff given an opportunity to amend its petition. A fourth supplemental and amended petition was filed, amending paragraph 21 to read as follows:
"Defendant, Breazeale, Sachse and Wilson, is liable as a codefendant for the following reasons:
"(1) On information and belief, petitioner alleges that defendant has conspired and/or combined with the Better Business Bureau of Baton Rouge Area, Inc. and/or other named defendants herein, to restrain trade or commerce in violation of La.R.S. 51:122; which conspiracy or combination was calculated to and did cause injury and loss to plaintiff, all as set forth hereinabove;
"(2) Petitioner further alleges that one or more members of defendant law firm serve on the Board of Directors of the Better Business Bureau of Baton Rouge Area, Inc., and, as such, are privy to information received and also actively participated in the affairs of same and that defendant law firm did cooperate in advising and assisting the accomplishment of the common design to restrain trade or commerce and to defame petitioner by cooperating with, advising and assisting the co-defendants in this law suit in the following particulars:
"a. Bob Breazeale was and is a partner in the law firm of Breazeale, Sachse & Wilson; he is also a member of the Board of Directors and legal advisor to the Better Business Bureau of Baton Rouge Area,
*767 Inc. and has been since said organization was founded. By admission, other members of defendant law firm have also advised, cooperated with and assisted the Better Business Bureau of Baton Rouge Area, Inc. in the accomplishment of their common design by:
"1. Meeting with Jim Kohlter, president of the Better Bureau of Baton Rouge Area, Inc. for period in excess of one hour and aiding, assisting and cooperating with them in the preparation and publication of a so called `Special Bulletin' published in October, 1974, which received wide circulation in the Greater Baton Rouge area, which said bulletin was devoted exclusively to petitioner and contained material and information which was false and misleading and which was calculated to injure, embarrass and humiliate petitioner and did injure, embarrass and humiliate petitioner by making it an object of public ridicule, scorn and approbation, thereby damaging petitioner's business and reputation.
"2. Defendant law firm was aware of and did cooperate with, advise and assist defendant Better Business Bureau of Baton Rouge, Inc. in their common design to restrain trade and/or commerce by defaming petitioner and by attempting to force petitioner out of business by maliciously and recklessly causing a complaint to be filed with the defendant Governor's Office of Consumer Protection, alleging that petitioner has been guilty of unlawful and/or unfair trade practice in spite of the fact that defendant either knew or should have known that such allegations were untrue and unfounded, which complaint caused further damage to petitioner, all as shown by a copy of a letter dated February 20, 1975, from Jim Kolter, president of the Better Business Bureau of Baton Rouge Area, Inc. which shows that Bob Breazeale, partner in defendant law firm and board member of defendant Better Business Bureau of Baton Rouge Area, Inc. was copied on same, all as shown by a copy of said letter attached hereto and made a part hereof.
"3. Plaintiff further shows that defendant law firm further participated in committing injury against plaintiff and in further attempting to restrain trade or commerce by cooperating in, advising in and assisting in the preparation of and publication of a second special bulletin, dated May 15, 1975, which bulletin improperly commented upon the instant litigation and was intended to cause and did cause further embarrassment, humiliation and loss of business to your petitioner, inasmuch as said bulletin was widely disseminated over the Greater Baton Rouge area and was in particular disseminated to other businesses, which same of which businesses, thereafter refused to do credit business with your petitioner and some of which refused to handle paper for plaintiff's customers.
"4. Other acts in which defendant law firm cooperated with, advised in and assisted in, which acts are unknown to petitioner, but well known to defendant law firm, the Better Business Bureau of Baton Rouge Area, Inc. and the other co-defendants in this law suit and all of which acts were calculated to and did cause injury to your plaintiff and all of which acts constituted an attempt to restrain trade and/or commerce, by a combination bent on putting your petitioner out of business."
*768 A second exception of no cause of action was filed and sustained, and plaintiff's suit dismissed as to Breazeale, Sachse and Wilson. This appeal followed.
It is fundamental that for the purposes of consideration of an exception of no cause of action, all well pleaded allegations of fact are considered as true, and we must determine if a remedy is afforded to any one under the circumstances alleged, under any theory of the case. Articles 862, 927, 931, Code of Civil Procedure. Saragusa v. Dipaola, 247 So.2d 400 (La.App. 1 Cir. 1971).
R.S. 51:122 provides:
"Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce in this state is illegal.
"Whoever violates this Section shall be fined not more than five thousand dollars, or imprisoned, with or without hard labor, nor more than three years, or both."
R.S. 51:137 provides:
"Any person who is injured in his business or property by any person by reason of any act or thing forbidden by this Part may sue in any court of competent jurisdiction and shall recover threefold the damages sustained by him, the cost of suit, and a reasonable attorney's fee."
Article 2324 of the Civil Code provides:
"He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act."
In Louisiana, if a conspiracy to do an unlawful act is entered into by two or more persons, and one of them does an act in furtherance thereof, all of the conspirators may be held civilly liable for damages to a third party resulting therefrom. Article 2324, Civil Code, supra; Tabb v. Norred, 277 So.2d 223 (La.App. 3 Cir. 1973).
In this case, plaintiff has alleged that Bob Breazeale, a partner in the defendant law firm, met with the president of the Better Business Bureau, and aided, assisted and cooperated in the preparation and publication of a bulletin containing false and misleading information, which resulted in damages to the planntiff.
Defendant argues that Mr. Beazeale was acting in his capacity as attorney for the Better Business Bureau; that the substance of his conversation with the president of the Bureau was privileged, and could never be divulged; and that the allegations as to what occurred therein could never be proven.
This argument is without merit. We are not concerned with whether the plaintiff can prove the allegations of his petition, or whether he can win his case. We need only determine whether, if as alleged, Mr. Breazeale assisted and advised in the publication of libelous or defamatory material, defendants would be liable for any damages suffered by plaintiff as a result.
We think it clear that liability would arise under the above circumstances, under the provisions of Article 2324, supra, and find that plaintiff has alleged a cause of action. We need not consider the sufficiency of the other allegations made, since if the petition states a cause of action in any respect, the judgment of dismissal must be reversed.
The judgment appealed from is therefore reversed and the case remanded to the trial court for further proceedings in accordance with law. Breazeale, Sachse and Wilson are granted 15 days from the date this judgment becomes final within which to file answer. All costs of this appeal are to be borne by Breazeale, Sachse and Wilson. All other costs shall await final determination of this case on its merits.
REVERSED AND REMANDED.