LEAR, Judge.
This case arises out of an appeal taken by plaintiff-appellant, Jay B. Jones, to the ruling of the Civil Service Commission granting motions for summary dismissal filed on behalf of the State Department of Civil Service and the Department of Culture, Recreation and Tourism. We reverse.
Pursuant to civil service rules and regulations, appellant filed an appeal with the Commission regarding the procedures employed and appointment made in filling the position of Historic Site Manager I of the State Exhibit Museum in Shreveport, Louisiana.
In his letter of appeal which is well pleaded, appellant alleged several violations of civil service rules and regulations including but not limited to competitive examinations, public notice, qualifications for examinations, appointment of eligibles and appointment of unclassified employees. These violations, it is alleged, were particularly injurious to appellant because he had sought to be considered for essentially the same position[1], but that his rights were violated.
Motions for summary disposition or dismissal are peremptory in nature and closely analogous to the peremptory exception of no cause of action. It is academic that such exceptions must be determined on the face of the pleading, and all well pleaded facts be deemed as admitted. Lunkin v. Triangle Farms, Inc., 24 So.2d 213 (La.App. 1st Cir. 1945); Willis v. State, 212 So.2d 555 (La.App. 1st Cir. 1968).
Appellant has clearly alleged violations injurious to him which are cognizable under the civil service rules and regulations. He must be accorded the opportunity to be heard on the merits.
REVERSED AND REMANDED.

. Appellant alleged in his appeal below that he had requested to be considered for the position of Historic Site Administrator I, or such other title as the Department of Culture, Recreation and Tourism might designate. The Department chose the initial title of Historic Site Manager I — II, but later settled on the title of Historic Site Manager I.