359 So.2d 663 (1978)
Martha BRADLEY
v.
UNION NATIONAL LIFE INSURANCE COMPANY et al.
No. 11933.
Court of Appeal of Louisiana, First Circuit.
May 1, 1978.
*664 W. Donald Cashio, New Orleans, of counsel for plaintiff-appellant Martha Bradley.
F. Charles McMains, Jr., Baton Rouge, of counsel for defendant-appellee Union Nat. Life Ins. Co., et al.
J. Louis Watkins, Jr., Houma, for third-party defendant Community Funeral Home.
Before LANDRY, SARTAIN and ELLIS, JJ.
LANDRY, Judge.
Plaintiff (Appellant) appeals from judgment dismissing her claim against defendants, Union National Life Insurance Company (Union), and Community Funeral Home (Community), to recover the proceeds of two insurance policies on the life of Appellant's deceased mother, Annie M. L. Bradley. Upon decedent's demise, the value of the policies, totalling $1,124.00, was paid by Union directly to Community pursuant to assignment by Appellant, who asserts the invalidity of such assignment by reason of her minority at the time the assignment was executed. Union filed a third party demand against Community but Union has neither appealed nor answered Appellant's appeal. The only issue before us is Appellant's claim to the policy proceeds. We affirm upon finding Appellant liable for the debts of her mother's succession because of Appellant's tacit acceptance of the succession subsequent to Appellant attaining the age of majority.
Decedent died October 24, 1975. Her funeral was handled by Community at a total cost of $1,290.92. Union had issued three policies on decedent's life; two payable to Appellant in the sum of $1,124.00, and one to Appellant's stepfather, Benjamin Bradley, in the amount of $65.78. Appellant, who was born September 3, 1958, was legally adopted by decedent and is decedent's sole heir at law. On December 11, 1975, Appellant and her step-father assigned to Community all of their respective rights in Union's policies. In addition to the $1,189.78 received by Community from Union, Community also received $700.00 from Winnfield Life Insurance Company. Community refunded Benjamin Bradley the overpayment of $598.86.
Decedent died possessed of movable property and possibly a one-half interest in a house. The movable property consisted of household effects totalling about three rooms of furniture, personal effects and clothing and some inexpensive jewelry.
Following her mother's death, Appellant took possession and control of decedent's movable effects. Appellant gave decedent's clothing to decedent's sisters and kept the furniture for herself. At the time of trial, Appellant was using the furniture and claimed it as her own. No succession *665 proceedings were instituted concerning decedent's estate.
In refutation of Appellant's contention that the assignment was null because of Appellant's incapacity, Appellees contend that Appellant may not recover because the assignment was pursuant to a natural obligation to pay decedent's funeral expenses. Appellees also maintain that Appellant ratified the assignment following Appellant's attaining majority. Appellees finally contend that payment was properly made pursuant to facility of payment provisions in the policies.
Appellant correctly maintains that the assignment was null because of her minority. La.C.C. Article 1785 provides that except in the instances therein specified, a minor lacks capacity to contract. The present case does not fall within the instances excepted. Article 1785 also provides that a minor may render his contracts valid by ratification, express or implied. It follows that Appellant's assignment is null unless it has been ratified.
The record does not sustain Appellee's contention that Appellant ratified the assignment following her majority. The only evidence before us concerning Appellant's actions following her majority concerns Appellant's dealing with the assets of decedent's succession. While such testimony is pertinent to the issue of whether Appellant tacitly accepted the succession, it has no relevance whatsoever to the alleged ratification of the assignment.
We find no merit in Appellee's contention that Appellant is barred from recovery because the funds were paid in discharge of a natural obligation, namely, defrayment of decedent's succession.
La.C.C. Article 1759 provides that although a natural obligation cannot be enforced by legal action, no suit lies to recover what has been paid or given pursuant to a natural obligation and that a natural obligation is sufficient consideration for a new contract. This effect of barring of recovery under Article 1759 is limited to those instances where the payment sought to be recovered was made after the incapacity was terminated or cured. La.C.C. Article 1759; 6 Louisiana Civil Law Treatises; Obligations, S. Litvinoff, §§ 345-46, pp. 605-606. In this instance, the assignment was made during incapacity. Appellant's recovery is not barred because the funds were paid pursuant to a natural obligation.
The facility of payment clause relied on by Appellees provides that if the policy is "payable to the estate of the Insured, or to a minor . . ., the Company may make payment to the Insured's executors or administrators or to any relative by blood or connection by marriage of the insured who is deemed by the Company to be equitably entitled to payment". This provision is inapplicable herein because the proceeds were not paid to a blood relative or succession representative, or connection by marriage to the Insured. In this case, payment was made to a funeral home.
La.C.C. Articles 988, 992-999, in effect, provide that one may tacitly accept a succession by exercising acts of ownership as distinguished from acts of preservation and administration over succession assets. See also Parish v. Minvielle, 217 So.2d 684 (La. App. 3rd Cir. 1969).
Tacit acceptance of a succession is determined in the light of the circumstances of each particular case. La.C.C. Article 993.
In determining whether a succession has been tacitly accepted, the intent of the person must be considered along with his actions. We have no hesitancy in concluding that Appellant has tacitly accepted her mother's succession. Appellant herein took possession of decedent's movable assets and exercised undisputed acts of ownership with respect thereto. Appellant disposed of decedent's clothing as though it were Appellant's own. Appellant has appropriated to her own use decedent's furniture which Appellant frankly stated she considered as Appellant's property. Appellant has never opened decedent's succession.
The tacit acceptance by Appellant rendered Appellant personally liable for the debts of her mother's succession, including *666 funeral expenses. Sanders v. Sanders, 85 So.2d 61 (La.App. 1st Cir. 1956).
We are aware that the law accepts succession for minors with benefit of inventory. La.C.C. Articles 352 and 1977. In Succession of Hart, 52 La.Ann. 364, 27 So. 69 (1899), it was held that major heirs who accepted with benefit of inventory could nevertheless accept simply and unconditionally. We see no reason why the same rule should not apply to a minor accepting of his own volition after attaining majority. We deem this position proper in view of La.C.C. Article 1031 which allows acceptance of a succession despite prior renunciation.
Having accepted the succession unconditionally, subsequent to attaining majority, Appellant is liable for funeral expenses in the sum of $1,290.92. This obligation, of course, is due to Community Funeral Home. However, Appellant seeks recovery of the proceeds of the insurance policy from Union. In effect, Union has paid the expenses for Appellant. La.C.C. Article 2134 provides that:
"An obligation may be discharged by any person concerned in it, such as a coobligor or a surety.
"The obligation may even be discharged by a third person no way concerned in it, provided that person act in the name and for the discharge of the debtor, or that, if he act in his own name, he be not subrogated to the rights of the creditor."
In accordance with the reasoning followed in Standard Motor Car Company v. State Farm Mutual Automobile Insurance Company, 97 So.2d 435 (La.App. 1st Cir. 1957), we find that Union is entitled to reimbursement, although Union is clearly not subrogated to the rights of Community.
Since plaintiff owes the debt at this time, the payment by the insurance company at a time prior to the time of Appellant's acceptance of the succession should not alter Union's right to reimbursement. Consequently, this right to reimbursement and plaintiff's right to payment of the proceeds of the insurance policy are co-existing and automatic compensation under La.C.C. Article 2208 takes place. The debt owed by Appellant to Community exceeds the amount of insurance proceeds paid by Union to Community. Under the circumstances, plaintiff is not entitled to any recovery.
The judgment of the trial court is affirmed at Appellant's cost.
Affirmed.