FRED W. JONES, JR., Judge.
Helen Smith Fuller died intestate on May 11, 1976, survived by one heir, Jo Anne Fuller, her daughter. Following the death of her mother, Jo Anne Fuller retained a tax attorney to complete tax returns for the estate and proceeded to administer various properties which had belonged to her mother. However, she never opened her mother’s succession or formally accepted it.
Jo Anne Fuller died intestate on January 10, 1984, leaving as her only heirs two paternal aunts and one maternal aunt.
The paternal aunts nominated Wade Bag-gette, husband of their niece, to be the administrator of the estate of Helen Smith Fuller, and he was appointed to that position. The maternal aunt, who was appointed administratrix of the succession of Jo Anne Fuller, filed a rule seeking the removal of Baggette as administrator of the succession of Helen Smith Fuller, asserting that he was not qualified under La. Code of Civil Procedure Article 3097.
Following a trial, in written reasons for judgment signed on October 17, 1984, the trial judge ruled that the succession of Helen Smith Fuller had “fallen to” her daughter upon the mother’s death and that, consequently, there was no succession for Baggette to administer, but declined to formally order Baggette’s removal as administrator. It was the trial court’s conclusion that Baggette should simply turn over the succession assets to the administratrix of the succession of Jo Anne Fuller and submit an accounting. Formal judgment was not rendered at that time.
When Baggette continued to administer the succession of Helen Smith Fuller, the maternal aunt responded by filing a second rule ordering Baggette to show cause why he should not turn over to her the assets of the estate of Helen Smith Fuller, give an accounting of his administration, and have his bond cancelled. Hearing on this second rule was fixed for December 6, 1984. However, on December 3, the trial judge recalled and dismissed the first rule, citing as reasons for his judgment the opinion handed down on October 17, 1984. It is *756 from the judgment on this first rule that Mrs. Collins, the maternal aunt of Jo Anne Puller, appeals.
It is clear that there may be a tacit acceptance of a succession. La.Civil Code Article 988 provides:
The simple acceptance may be either express or tacit.
It is express, when the heir assumes the quality of heir in an unqualified manner, in some authentic or private instrument, or in some judicial proceeding.
It is tacit, when some act is done by the heir, which necessarily supposes his intention to accept, and which he would have no right to do but in his quality of heir.
Furthermore, it is obvious that Jo Anne Fuller tacitly accepted her mother’s succession by administering her considerable properties and by engaging a tax attorney to prepare the required returns. See Bradley v. Union National Life Ins. Co., 359 So.2d 663 (La.App. 1st Cir.1978).
Therefore, as the trial judge correctly pointed out in his reasons for judgment, there was no succession for Baggette to administer. Furthermore, even if Jo Anne Fuller had not accepted her mother’s succession, Baggette was disqualified under the following provisions of La.C.C.P. Article 3097:
* * * * * *
No person may be appointed dative testamentary executor, provisional administrator, or administrator who is not the surviving spouse, heir, legatee, legal representative of an heir or legatee, or a creditor of the deceased, or the nominee of the surviving spouse, heir, legatee, or legal representative of an heir or legatee of the deceased. (Emphasis added)
Wade Baggette did not and does not qualify as administrator under the provisions of C.C.P. Article 3097. He is not the surviving spouse, heir or legatee, nor is he a creditor, nominee or legal representative of such a person.
For these reasons, we reverse the judgment of the trial court and render judgment removing Wade Baggette as administrator of the succession of Helen Smith Fuller; order that he render an accounting to the appellant as administratrix of the succession of Jo Anne Fuller; that he turn over all assets of the succession of Helen Smith Fuller to appellant as the administra-trix of the succession of Jo Ann Fuller; and that he be cast for all costs of these proceedings, both in the district court and on appeal.
Before HALL, JASPER E. JONES, FRED W. JONES, Jr., NORRIS and LINDSAY, JJ.